LOTTIE GAINES, Appellant, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent.

1. INSURANCE (LIFE OR ACCIDENT) — WHEN MATERIALITY OF FACT STATED TO BE TRUE IN APPLICATION FOR POLICY IS OF NO CONSEQUENCE. Where a fact is stated in answer to a question propounded in an application for a life, or accident, insurance policy, the materiality of the fact stated by the assured is of no consequence, if the contract be that the matter is as represented, and unless it prove so, whether from fraud, mistake, negligence or other cause, not proceeding from the insurer, or the intervention of the law, or the act of God. the assured can have no claim.

2. ACCIDENT INSURANCE — WHEN FINDING BY JURY THAT PAYEE OF ACCIDENT POLICY WAS NOT THE WIFE OF THE ASSURED, AS STATED IN HIS APPLICATION FOR THE POLICY, PRECLUDES RECOVERY. Where the assured, in his application for a policy insuring him against bodily injury, the application being made a part of and the basis of the

policy, or contract, of insurance, stated in answer to a question as to the "relationship" of the payee, or beneficiary, named in the policy, that she was his wife, and it was found by the jury, upon the trial of an action brought on the policy, after the death of the assured, caused by a pistol shot fired by another, that the payee was not the wife of the assured; she cannot recover, since the insurer was entitled to know the actual relationship, which the person, for whom the assured desired the benefit of the insurance contract, sustained to him; for it bore upon the risk which it was to assume. The inquiry related to the risk; the statement in the answer was made a warranty to be contained in the policy and, it having been determined that the statement was untrue, the right to recover upon the contract was forfeited.

*Gaines* v. *Fidelity & Casualty Co.*, 111 App. Div. 386, affirmed.

(Argued April 19, 1907; decided May 10, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 16, 1906, affirming a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred C. Cowan* for appellant. Error was committed by the Appellate Division in affirming the finding of the jury on the assumption that the jury had answered the second question submitted to it, viz.: Was the deceased intentionally killed, in the affirmative, as, if the jury had so found it should, under the instructions of the court, have found for the plaintiff in the sum of sixteen dollars. (*Carpenter* v. *Taylor*, 164 N. Y. 180; *McGuire* v. *Bell Telephone Co.*, 167 N. Y. 208; *Ives* v. *Ellis*, 169 N. Y. 85; *Bank of State of N. Y.* v. *S. Nat. Bank*, 170 N. Y. 1, 5.) The motion for a new trial on the ground of newly-discovered evidence should have been granted, and the order denying the motion should be reversed and a new trial granted. (*Conlon* v. *Mission, etc.*, 87 App. Div. 165; *Guyot* v. *Butts*, 4 Wend. 580; *Parshall* v. *Klinck*, 43 Barb. 203; *Cole* v. *F. B. C. Co.*, 16 N. Y. Supp. 780; *W. S. P. Co.* v. *Barclay*, 48 Hun, 54; *Clegg* v. *N. Y. N.*

*Union,* 51 Hun, 232; 129 N. Y. 638; *Vollkommer* v. *N. El.
R. R. Co.,* 23 App. Div. 88; *Kring* v. *N. Y. C. & H. R.
R. R. Co.,* 45 App. Div. 373; *Hess* v. *Sloan,* 47 App. Div.
585; 173 N. Y. 616; *Bulkin* v. *Ehret,* 29 Abb. [N. C.] 64;
20 N. Y. Supp. 731.) The trial judge committed error in
charging that plaintiff cannot recover unless she proves she
was the lawful wife of Ulysses Gaines. ( *W. L. Ins. Co.* v.
*Haney,* 10 Kan. 525; *Badger* v. *Badger,* 88 N. Y. 546; *Gall*
v. *Gall,* 114 N. Y. 109; *Benjamin* v. *C. I. Assn.,* 44 La. Ann.
1017; *Lampkin* v. *Travelers' Assn.,* 11 Col. App. 249;
*Spencer* v. *C. M. L. Assur. Assn.,* 142 N. Y. 505; *Jones* v.
*B. L. Ins. Co.,* 61 N. Y. 79; *Davis* v. *Supreme Lodge,* 35
App. Div. 354; *Dougherty* v. *M. L. Ins. Co.,* 3 App. Div.
313; *Spitz* v. *M. B. L. Assn.,* 5 Misc. Rep. 245.)

*Charles C. Nadal* for respondent. If the plaintiff was not
the wife of Gaines when the policy was issued there was a
clear breach of warranty. (May on Ins. [4th ed.] § 156;
*Clemens* v. *Royal Society,* 131 N. Y. 485; *Clements* v. *C. I.
Co.,* 29 App. Div. 131; *Cushman* v. *U. S. L. Ins. Co.,* 63
N. Y. 404; *Makel* v. *H. M. L. Ins. Co.,* 95 App. Div. 241;
*Foot* v. *A. L. Ins. Co.,* 61 N. Y. 571; *Dwight* v. *G. L. Ins.
Co.,* 103 N. Y. 341; *Foley* v. *Royal Arcanum,* 151 N. Y.
196; *Roche* v. *Supreme Lodge K. of H.,* 21 App. Div. 599;
*Sternaman* v. *M. L. Ins. Co.,* 49 App. Div. 473; *Schane* v.
*M. L. Ins. Co.,* 76 App. Div. 271.) An order denying a
motion for a new trial on the ground of newly-discovered evi-
dence is not reviewable in the Court of Appeals. ( *White* v.
*Benjamin,* 150 N. Y. 258; *Smith* v. *Platt,* 96 N. Y. 634;
*Dalrymple* v. *Hannum,* 54 N. Y. 654; *Baker* v. *Reming-
ton,* 45 N. Y. 323; *Reilly* v. *D. & H. C. Co.,* 102 N. Y. 383.)

GRAY, J. The policy in question insured Ulysses Gaines
against bodily injury, resulting in death, in the sum of $2,000.
It stated that the defendant insured him " in consideration of
*   *   *   the statements in the schedule hereinafter con-
tained, which statements the insured makes on the acceptance
of this policy and warrants to be true." The warranties con-

tained in the schedule of the policy included the statement, in answer to a question as to the " relationship " of this plaintiff, whom the insured had named as the payee, that she was his wife. The assured was killed by a pistol shot, fired by another, and this action by the plaintiff, as the beneficiary named in the policy, was defended upon the ground, among others, that there had been a breach of the warranty ; in that she was not the wife of the assured. The result of the trial was that the jury found a verdict in favor of the defendant upon this question of fact and the unanimous affirmance of the judgment thereupon is conclusive.

The question of law, which has survived, is raised by exceptions taken by the plaintiff to the charge of the trial court that she could not recover unless she was, at the time of the insurance, the wife of the person assured. As the question of fact was submitted to the jurors by the trial judge, they were to determine whether there was any agreement between the assured and the plaintiff to enter into the marital relationship and, if there was, whether, the plaintiff's prior marriage to another having been conceded, she was " capable of entering into that relationship ; " that is, " had she married the assured in good faith believing her husband to be dead."

The question of the avoidance of the contract, under the clause of the policy relating to injuries intentionally inflicted by another upon the insured, was within the issues of the case ; but the instructions to the jurors required them, if they decided for the defendant upon that defense, to return a verdict for the plaintiff for $16.00, the amount of the premium, according to the terms of the policy.

The argument of the appellant, in substance and effect, is that the representation of the assured that Lottie Gaines was his wife was not material and should be considered as matter of description and not of warranty. This was, however, a distinctly expressed warranty, the truth of which was a condition of liability and was of the basis of the contract itself. The effect of making the statement a part of the policy and of warranting it to be true was, in law, to induce the defend-

ant's agreement to insure and the statement became material. It is a general rule, and one which the decisions of this court have asserted, that the materiality of the fact stated by the assured is of no consequence, if the contract be that the matter is as represented, and that unless it prove so, whether from fraud, mistake, negligence or other cause, not proceeding from the insurer, or the intervention of the law, or the act of God, the assured can have no claim. (May on Insurance, sec. 156; *Foot* v. *Ætna Life Ins. Co.*, 61 N. Y. 571, 577; *Cushman* v. *U. S. Life Ins. Co.*, 63 ib. 404, 409; *Donley* v. *Glens Falls Life Ins. Co.*, 184 ib. 107.) The author of the text book cited well observes : " One of the very objects of the warranty is to preclude all controversy about the materiality or immateriality of the statement." The parties to this contract had the right to make any statements of fact material thereto and conditions precedent to any liability thereupon, all things being equal at the time in their attitude to each other, and if they proved false the contract was avoided. The insurer was entitled to know the actual relationship, which the person, for whom the assured desired the benefit of the insurance contract, sustained to him; for it bore upon the risk which it was to assume. The inquiry related to the risk; the statement in the answer was made a warranty to be contained in the policy and, it having been determined that the statement was untrue, the right to recover upon the contract was forfeited.

The motion for a new trial, upon the ground of newly-discovered evidence, was addressed to the discretion of the court below and the order denying it is not reviewable in this court. (*Lawrence* v. *Ely*, 38 N. Y. 42; *Smith* v. *Platt*, 96 ib. 635.)

None of the exceptions taken by the appellant presents any error, for which a new trial should be ordered, and I, therefore, advise the affirmance of the judgment appealed from, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT J., not sitting.

Judgment affirmed.