EMILY G. K. BAUMANN, Appellant, v. THE PREFERRED
ACCIDENT INSURANCE .COMPANY OF NEW YORK,
Respondent.

SAME, Appellant, v. SAME, Respondent.

Insurance (accident) — application of Insurance Law (Cons.
Laws, ch. 28, § 107, as amd. by L. 1913, ch. 155, and § 58, as
amd. by L. 1906, ch. 326).

1. The provision of the Insurance Law (Cons. Laws, ch. 28, § 107,
as amd. by L. 1913, ch. 155) that the falsity of any statement in the
application shall not bar a recovery unless made with intent to
deceive applies only to policies issued after January 1, 1914.

2. An annual receipt issued by the company to the insured on
the policy issued to him at an earlier date for a period of twelve
months, with the privilege of annual renewals, is not in effect a
re-issue of the policy so as to bring it within the meaning and
operation of section 107 of the Insurance Law, as amended in 1913.

3. The provision of section 58 of the Insurance Law that every
policy of insurance issued or delivered " on or after January 1, 1907,
by any life insurance corporation shall contain the entire contract
between the parties   *   *   *   and all statements purporting to be
made by the insured shall in the absence of fraud be deemed repre-
sentations and not warranties," is by its express words limited to
policies issued " by any life insurance corporation," and has no
application to accident insurance.

*Baumann* v. *Preferred Accident Ins. Co.*, 174 App. Div. 871,
affirmed.

(Argued December 11, 1918; decided February 25, 1919.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 5, 1916, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the actions and the facts, so far as material are stated in the opinion.

*John B. Stanchfield, George M. Pinney, Frederick W. Kobbe* and *J. Arthur Leve* for appellant.   In so far as the defendant company insured against death by accident as provided in the policies, it is to be deemed a life insurance corporation and comes within the purview of section 58 of the Insurance Law (L. 1906, ch. 326) which took effect January 1, 1907.   (*Moore* v. *Prudential Casualty Co.,* 170 App. Div. 849.)   Under section 107 of the Insurance Law, as amended by chapter 155, Laws of 1913, which became operative January 1, 1914, the statement with reference to prior insurance appearing in the application and in the policies sued on, even if deemed to have been made by Gustav Baumann, was a representation or statement and not a warranty.   (*Ogden* v. *N. Y. Mut. Ins. Co.,* 8 Bosw. 248; *Hodgson* v. *Preferred Acc. Ins. Co.,* 100 Misc. Rep. 155; 182 App. Div. 381; *Brady* v. *N. W. Ins. Co.,* 11 Mich. 425; *Hartford Fire Ins. Co.* v. *Walsh,* 54 Ill. 167; *Bickford* v. *Ætna Ins. Co.,* 101 Maine, 130; *MacArthur* v. *U. S. Health & Accident Ins. Co.,* 151 Ill. App. 515; *DeJernette* v. *Fidelity & Casualty Co.,* 98 Ky. 563; *Grocery Co.* v. *U. S. Fidelity & Guaranty Co.,* 130 Mo. App. 430.)   The incorrect statement as to any prior rejection for life insurance, inserted by the defendant itself, and not by Mr. Baumann, was not, as matter of law, material to the risk assumed by the defendant company in issuing the two accident policies which insured Mr. Baumann against death by

31

accident alone, as therein provided. (Richards on Ins. Law [3d ed.], § 101; *Armour* v. *T. F. Ins. Co.,* 90 N. Y. 450; *Kidder* v. *Order of Golden Cross,* 192 Mass. 326; *Ætna L. Ins. Co.* v. *Claypool,* 128 Ky. 43; *Price* v. *Standard L. & A. Ins. Co.,* 90 Minn. 264; *Continental Casualty Co.* v. *Owen,* 131 Pac. Rep. 1084; *Life Ins. Co.* v. *Judge,* 191 Penn. St. 484.) As the incorrect statement with reference to Mr. Baumann's prior rejection for a particular form of life insurance was not made by him but by the defendant's own agent, the policies should not thereby be vitiated, Mr. Baumann having acted throughout in perfect good faith and there being no evidence that the error was ever brought to his notice. (*Wilder* v. *P. M. A. Assn.,* 14 N. Y. S. R. 365; *Rowley* v. *Empire Ins. Co.,* 36 N. Y. 550; *Mowry* v. *Rosendale,* 74 N. Y. 360; *Grattan* v. *Met. Life Ins. Co.,* 80 N. Y. 293; 92 N. Y. 284; *Miller* v. *Phœnix Mut. Life Ins. Co.,* 107 N. Y. 301; *Sternaman* v. *Met. Life Ins. Co.,* 170 N. Y. 27; *Mead* v. *S. & W. F. Ins. Co.,* 81 App. Div. 285; *Kenyon* v. *Knights Templars Aid Assn.,* 48 Hun, 283; *Malara* v. *Prudential Ins. Co.,* 147 App. Div. 578; *Dunbar* v. *Phœnix Ins. Co.,* 40 N. W. Rep. 386; *Temmink* v. *Met. Life Ins. Co.,* 40 N. W. Rep. 469.)

*William D. Guthrie* and *George W. Sill* for respondent. The insured must be held bound by the provisions of the policies sued on. (*Hook* v. *M. M. L. Ins. Co.,* 44 Misc. Rep. 478; 139 App. Div. 922; *Enthoven* v. *American Fidelity Co.,* 128 N. Y. Supp. 805; 150 App. Div. 928; 211 N. Y. 561; *Quinlan* v. *P. W. Ins. Co.,* 133 N. Y. 356; *Carmichael* v. *J. H. Mut. L. Ins. Co.,* 116 App. Div. 291; *May* v. *N. Y. S. R. F. Society,* 14 Daly, 389; *Taufer* v. *Brotherhood of Painters,* 137 App. Div. 838; *Tilton* v. *Farmers Ins. Co.,* 82 Misc. Rep. 79; *Gioia* v. *Met. Life Ins. Co.,* 97 Misc. Rep. 380, 383; *Bollard* v. *N. Y. L. Ins. Co.,* 98 Misc. Rep. 286; *Lumber Underwriters* v.

*Rife,* 237 U. S. 605; *Mutual Life Ins. Co.* v. *Hilton-Green,* 241 U. S. 613.) The proof of prior rejection by the Penn Mutual Life Insurance Company established a breach of warranty. (*Kemp* v. *Good Templars,* 64 Hun, 637; 135 N. Y. 658; *Gaines* v. *Fidelity & Casualty Co.,* 188 N. Y. 411; *Edington* v. *Ætna Life Ins. Co.,* 77 N. Y. 564; *Clemans* v. *S. A. R. of G. F.,* 131 N. Y. 485; *Wolowitch* v. *National Surety Co.,* 152 App. Div. 14; *Heintz* v. *Continental Casualty Co.,* 121 App. Div. 75; *Desmond* v. *Supreme Council,* 51 App. Div. 91; *Enthoven* v. *American Fidelity Co.,* 150 App. Div. 928; 211 N. Y. 561; *Feinstein* v. *Massachusetts Bonding & Ins. Co.,* 171 N. Y. Supp. 589; *Webb* v. *Security Mutual Life Ins. Co.,* 126 Fed. Rep. 635; *Wyss-Thalmann* v. *Maryland Casualty Co.,* 193 Fed. Rep. 55; *Pacific Mutual L. Ins. Co.* v. *Glaser,* 245 Mo. 377; *Bonewell* v. *North-American Accident Ins. Co.,* 160 Mich. 137.) Section 107 of the Insurance Law, as amended by chapter 155 of the Laws of 1913, is not applicable to policies issued and delivered in 1907. (*Enthoven* v. *American Fidelity Co.,* 128 N. Y. Supp. 805; 150 App. Div. 928; 211 N. Y. 561; *Perry* v. *Prudential Ins. Co.,* 144 App. Div. 780; *Caesar* v. *Bernard,* 156 App. Div. 724; 209 N. Y. 570; *People ex rel. Beaman* v. *Feitner,* 168 N. Y. 360; *Standard A. & L. Ins. Co.* v. *Wood,* 82 Atl. Rep. 702; *New England F. & M. Ins. Co.* v. *Wetmore,* 32 Ill. 221, 242; *Pitney* v. *Glens Falls Ins. Co.,* 65 N. Y. 6; *Easton* v. *Pickersgill,* 55 N. Y. 310; *Grimmer* v. *Tenement House Department,* 205 N. Y. 549; *People ex rel. Werner* v. *Prendergast,* 206 N. Y. 405.)

CUDDEBACK, J. There are two actions shown in the record upon policies of accident insurance issued by the defendant to Gustave Baumann, the plaintiff's deceased husband.

It will be sufficient if what is said here is confined to the policy in action No. 1. That policy is one of five,

of which two were for accident and three for health insurance, issued to Baumann February 27, 1907. We are not concerned with the health policies now. Baumann was accidentally killed October 14, 1914, by falling from the roof of a building in New York city.

The policies were all issued on one application. That application showed in paragraph 11 the following:

" 11. No application ever made by me for accident, health or life insurance has been declined, except as follows: No exceptions."

The policy of insurance contained a schedule of warranties made up of the statements in the application, including paragraph eleven aforesaid. The defense is that this statement in paragraph eleven was a warranty and was untrue, in that the deceased had in the month of February, 1904, made application to the Penn Mutual Life Insurance Company of Philadelphia for a policy of life insurance, and that such application had been denied by the Penn Company.

At the close of the evidence the trial judge directed a verdict for the defendant.

The argument of the plaintiff's counsel is that subdivision f, section 107 of the Insurance Law, and also section 58 of the law govern the case, and that under such sections, the statement of the deceased that no application made by him for accident, health or life insurance had been declined, is a representation and not a warranty. Furthermore, that it was a question of fact for the jury to decide whether such representation was material or not, and hence the trial court erroneously directed a verdict for the defendant.

Subdivision f, section 107 of the Insurance Law (Cons. Laws, ch. 28), reads as follows:

" Subdivision f. The falsity of any statement in the application for any policy covered by this section shall not bar the right to recover thereunder unless such false

statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

Section 107 of the Insurance Law, by its opening sentence, applies only to policies issued after January 1, 1914. The policy to Baumann in this case was issued in 1907. On the face of it, section 107 does not apply to Baumann's policy. But the plaintiff insists that the renewal of the policy on February 6, 1914, was in effect a re-issue of the policy as of that date, and hence subdivision f applies.

If the renewal receipt issued to Baumann in 1914 was a re-issue of the policy of insurance, and the policy in consequence is covered by subdivision f of section 107, then it must also be true that the policy is covered by the other subdivisions of the section. It must follow furthermore, as a general rule, that all policies of accident and health insurance continued in force by renewal certificates issued after January 1, 1914, are covered by section 107.

Section 107 is in the main a new section added to the Insurance Law in 1913 (L. 1913, ch. 155) establishing certain standard provisions to be inserted in health and accident insurance policies issued after January 1, 1914, and laying down certain rules to be observed in the construction and interpretation of such policies. It was not to be expected that policies previously issued under other and different statutes would conform to the provisions of the new section. In fact, it was designed to effect a change in the form and substance of health and accident policies, and make those thereafter issued more favorable to the insured. The old policies continued in force by renewal certificates could not conform to section 107 without being re-drawn, and no intention is manifested in the statute to touch the policies at the time in force.

In the present case, the policy of insurance is not set out in full in the record, but so far as it appears, the policy does not contain any considerable part of the many standard provisions prescribed by section 107. For example, it does not say, as section 107 requires, that the policy contains the entire contract of insurance, or a provision for the reinstatement of the policy in case it becomes subject to avoidance for default in payment of the agreed premium. Neither does it appear that the policy is printed in the style and type required by section 107, and the provision for insuring the beneficiary seems to be in direct conflict with subdivision b of section 107, which says no policy shall insure more than one person.

The policy issued to Baumann in 1907, it is true, insured him only for a period of twelve months, but it contemplated an annual renewal and provided that certain benefits and advantages would accrue to the insured in the subsequent years during which the policy might be continued. The amount of insurance increased very materially the longer the policy was in force. It was kept alive by renewal certificates issued annually. The renewal certificate issued in 1914 says that in consideration of the premium paid, the insurance company " does hereby continue in force " the policy (describing it) for one year, subject to all its terms and provisions, not the terms and provisions of section 107. The renewal certificate is simply a contract to continue in force a pre-existing policy of insurance.

Section 58 of the Insurance Law, the other section on which the plaintiff's counsel bases his argument, reads in part as follows:

" § 58. Every policy of insurance issued or delivered within the state on or after January 1, 1907, by any *life insurance corporation* doing business within the state shall contain the entire contract between the parties

\* \* \* and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties."

By its express words, this section is limited to policies issued " by any life insurance corporation." The defendant is an accident insurance corporation and the policy issued to Baumann was an accident policy and covered the life of the insured only when death resulted from bodily injury effected solely through external, violent or accidental means.

It seems impossible that the experienced insurance men who framed the Insurance Law failed for a moment to have in mind the distinction between life insurance and accident insurance. The law is full of provisions which distinguish between them. Even in popular speech, life insurance and accident insurance mean entirely different things.

Section 58 of the Insurance Law, relating to warranties or representations in life insurance policies, seems to be a section corresponding with subdivision f and other subdivisions of section 107 relating to accident and health insurance.

It is sufficient to say that accident insurance is not within the language of section 58 and could not have been within the contemplation of its framers.

The plaintiff's counsel cites no authoritative decision to sustain his construction of the Insurance Law, but applying the ordinary rules of statutory construction, sections 107 and 58 do not cover the plaintiff's case.

The statement, therefore, in paragraph 11 of the application, where the insured said, " No application ever made by me for accident, health or life insurance has been declined, except as follows: No exceptions," must be taken and construed as a warranty. Confessedly, the statement was untrue and the breach of warranty is fatal to the plaintiff's cause of action. (*Gaines* v. *Fidelity & Casualty Co. of N. Y.*, 188 N. Y. 411, 415; *Foot* v.

Ætna Life Ins. Co., 61 N. Y. 571.) As Judge GRAY said in the Gaines case:

" The parties to this contract had the right to make any statements of fact material thereto and conditions precedent to any liability thereupon, all things being equal at the time in their attitude to each other, and if they proved false the contract was avoided."

The conclusion reached makes it unnecessary to consider any of the other points raised by the plaintiff's counsel, except, perhaps, one. The plaintiff's counsel argues in the one point referred to, that the statement in Baumann's application that he had never been refused life, health or accident insurance was in fact placed there by the defendant. It appears that the application signed by Baumann and delivered to the defendant contained a statement that no application had ever been declined and that the defendant's officers with a rubber stamp added the two words, " No exceptions." I do not think these facts support the counsel's argument. The stamping of the words " No exceptions " after the statement simply emphasized its materiality in the minds of the defendant's officers. They called the attention of any one examining the paper to the representation and said in effect, " N. B. He makes no exceptions."

I recommend that the judgment in each case be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND and ANDREWS, JJ., concur; COLLIN, J., not voting.

Judgments affirmed.