WYCKOFF H. GARRISON and JOHN G. ROTH, as Executors, etc., of JOHN DILL, JR., Deceased, Respondents, v. HUGO J. PANZER, Appellant.— Before a compulsory reference can be ordered, it must be shown that a long account is necessarily involved in the action and will require proof of so many items that a jury cannot be presumed to keep them in mind in order to render an intelligent verdict.    A compulsory reference in the case of a lawyer against a client, although it should be allowed in a proper case, is not favored in the law; and in view of the peculiar character of the account stated in the bill of particulars, it is not shown that this action necessarily involves a long account.    At any rate, in the absence of pleadings showing exactly the items that will be litigated between the parties, we think the motion for a compulsory reference should have been denied.    Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.    Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred.

JOHN E. GILROY and MARGARET GILROY, Appellants, v. LOUISE M. RUSSO and Others, Respondents.— Judgment affirmed, with costs.    The question of fraudulent intent is a question of fact and not of law.    (Real Prop. Law, § 265.)    In the circumstances there is no reason for disturbing the findings of the trial justice upon this point.    Although it may be that the deed from defendant Russo to defendant Ackerino was not sufficient to convey the legal title to the gore, nevertheless it was plain upon the evidence that it did convey the equitable title to the gore; and as the award for the whole premises, including the gore, was made to the grantee, that award can be supported in his favor, as against the plaintiff, upon his legal title to a portion of the lot and his equitable title to the gore.    Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred.

LYDA HODGSON, Respondent, v. THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant.— Judgment and order reversed, and complaint unanimously dismissed, with costs, on authority of Baumann v. Preferred Accident Ins. Co. (225 N. Y. 480).    Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

DOROTHY HOMAN, Respondent, v. ROBERT J. KENT, Sued Herein as RICHARD J. KENT, Appellant.— Judgment and order unanimously affirmed, with costs.    No opinion.    Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.