## 𝔖taunton

CHRISTINE H. CHITWOOD v. PRUDENTIAL INSURANCE COMPANY OF
AMERICA.

September 10, 1965.

Record No. 5978.

Present, All the Justices.

*John H. Kennett, Jr.*, for the plaintiff in error.

*Eppa Hunton, IV (Lewis T. Booker; Hunton, Williams, Gay, Powell & Gibson*, on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

■ The plaintiff, Christine H. Chitwood, whose true name is Christine D. Brown, instituted this action by motion for judgment seeking to recover from the Prudential Insurance Company of America the amount of a life insurance contract issued by it on March 5, 1962, to James O. Chitwood, Jr., who died of a gunshot wound on May 8, 1962. The insurance policy designated plaintiff as a beneficiary thereunder, describing her as the wife of the insured.

The Prudential Insurance Company of America filed its answer and grounds of defense, in which it denied liability upon the grounds that no proper proof of the death of Chitwood had been furnished it and that the insured had committed suicide within two years of the date of the insurance policy. Plaintiff thereafter filed an amended motion for judgment, which was substantially the same as her original motion, except that it alleged tender of proof of death and slightly reduced the amount of her claim.

Subsequently, Prudential filed interrogatories seeking the answer of the plaintiff to two questions, to-wit: (1) "When, where and by what court plaintiff was divorced from Calvin D. Brown," and (2) "When and where plaintiff married James O. Chitwood, Jr.?"

On February 8, 1963, plaintiff filed her answer, under oath, in which she stated:

"(1) The Plaintiff employed counsel to obtain her divorce in the early part of the year 1961 and thought that she had been divorced by a decree of the Hustings Court of the City of Roanoke, Virginia. Her counsel in this action has examined the papers of said divorce cause; and, based on his advice to her, the Plaintiff states that she was never properly divorced from Calvin Dempsie Brown.

"(2) The Plaintiff was married to James Oliver Chitwood, Jr., in Chesterfield, South Carolina, on November 26, 1961."

On February 26, 1963, Prudential was, by leave of court, allowed, over the objection of plaintiff, to file an amended answer and grounds of defense, which alleged that Chitwood, in his application for the insurance policy stated that plaintiff was his wife, "which statement was untrue when made and at the time the policy sued on was issued and was material to the risk assumed by the defendant under the policy."

Plaintiff filed a response saying that Chitwood in his application "did not make a false statement of fact, but only made an erroneous conclusion of law concerning the legal validity of a marriage ceremony actually performed." She denied that the validity of her mar-

riage was material to the risk, and averred that Prudential had waived all warranty defenses.

Prudential moved for summary judgment upon the ground that it appeared from the pleadings and the admissions of plaintiff in her answers to the interrogatories, that the statement of Chitwood in his application was false, and as a matter of law, material to the risk assumed, and no material fact relating thereto was in dispute.

Evidence was then heard on the issues raised, and the trial court, after consideration of the pleadings, the evidence and argument of counsel, sustained the motion of the insurance company for the reasons stated therein. Judgment was entered for Prudential, and we granted this writ of error.

The facts are without material conflict. It was undisputed that the representation in the application for insurance as to the status of the plaintiff was false and untrue, and hence we need only consider the question: Was the false representation material to the risk assumed by Prudential? The answer is yes.

The pleadings, the evidence, and the admissions of the parties show the following facts:

James O. Chitwood, Jr., made a written application to Prudential for what is termed a "family policy" covering his life, the life of the plaintiff, and the lives of her two children by her marriage prior to 1957 to Calvin D. Brown. In his application for the insurance, attached to and made a part of the policy, issued on March 4, 1962, Chitwood stated and listed Christine D. Chitwood as his wife and as a beneficiary under the policy. He also further stated: "Children's last name is Brown. Their mother and father were divorced Feb. 1960."

In plaintiff's answer to interrogatories, it will be noted that she stated that she "employed counsel to obtain her divorce in the early part of the year 1961 * * *." Thus both statements of Chitwood were untrue. Plaintiff was, in fact and in truth, the wife of Calvin D. Brown, although she had gone through a marriage ceremony with Chitwood in South Carolina on November 26, 1961, and was living with the latter in or near Roanoke, Virginia.

Four witnesses testified with respect to the materiality of the misrepresentation of the plaintiff's marital status. John F. Jolly, Roanoke Office Manager of Prudential; Floyd N. Bailey, Secretary-Vice President for underwriting of Shenandoah Life Insurance Company; and Edward F. Clark, a Senior Underwriting Consultant for Prudential,

were each called by Prudential, and Robert H. Woodward, Chief Underwriter for Estate Life Insurance Company of America, formerly employed by Prudential, was called on behalf of the plaintiff. The testimony of each of the four witnesses establishes clearly, without contradiction, that Prudential would not have written a family plan policy, such as was issued to Chitwood, had it been told the truth about the marital status of the plaintiff in Chitwood's application for the insurance.

Bailey and Clark said that one actuarial reason a company would not write a policy such as the one involved here is the increased hazard of violent death. Jolly said that: "Well, living together, unmarried, does not improve the mortality tables any; it is a poor risk." Woodward testified that his company, under the circumstances stated here, would not have written the policy of insurance.

Section 38.1-336, Code of Virginia, 1950, [Repl. Vol. 1953] sets forth the circumstances under which a false representation in an application for insurance bars recovery on the policy:

"§ 38.1-336. When answers or statements of applicant not to bar recovery on policy.—All statements, declarations and descriptions in any application for a policy of insurance or for the reinstatement thereof shall be deemed representations and not warranties, and no statement in such application or in any affidavit made before or after loss under the policy shall bar a recovery upon a policy of insurance, or be construed as a warranty, anything in the policy to the contrary notwithstanding, unless it be clearly proved that such answer or statement was material to the risk when assumed and was untrue. (Code 1950, § 38-7; 1952, c. 317.)"

The marriage of plaintiff to Chitwood in South Carolina was void in that State, § 20-6 of the Code of Laws of South Carolina, 1962, and it was also void in Virginia, where the parties cohabited, § 20-43, Code of Virginia.

It is immaterial what the plaintiff or Chitwood may have thought the facts were concerning her alleged divorce. She admitted that she did not obtain a divorce from Brown. Her putative marriage to Chitwood was bigamous and void. It was contrary to the laws of Virginia and public policy. It conferred no legal rights, and it was as if no marriage had ever been performed. *Toler v. Oakwood Smokeless Coal Corporation*, 173 Va. 425, 432, 4 S. E. 2d 364.

In *Inter-Ocean Insurance Company* v. *Harkrader*, 193 Va. 96, 67 S. E. 2d 894, we said:

"Representations in an application for a policy of insurance should not only be true but full. The insurer has the right to know the whole truth. If a true disclosure is made, it is put on guard to make its own inquiries, and determine whether or not the risk should be assumed. A misstatement of material facts by the applicant takes away its opportunity to estimate the risk under its contract. A knowledge or ignorance of such facts would naturally and reasonably influence the judgment of the insurer in making the contract or in establishing the degree or character of the risk or in fixing the rate of premium." (Citing numerous cases.)

We further said on page 102:

"Whether a representation is made and the terms on which it is made are questions of fact for the jury; but, when proved, its materiality is a question for the court." (Citing cases and authorities.)

In three recent cases, *Scott* v. *State Farm Mutual*, 202 Va. 579, 118 S. E. 2d 519, and *State Farm Mutual Automobile Insurance Company* v. *Butler, Adm'r*, 203 Va. 575, 125 S. E. 2d 823, and *Virginia Mutual Insurance Company* v. *State Farm Mutual Automobile Insurance Company*, 204 Va. 783, 133 S. E. 2d 277, we have defined and applied the test of materiality as to the risk assumed in insurance policies.

The general rule is stated in 7 Couch on Insurance 2d, § 37:14 as follows:

"A false warranty that insured is married voids the policy. Again where the insured expressly represents or warrants that the designated beneficiary is his wife, and this is untrue by reason of the fact that a prior marriage entered into by him or her with a third person has not been dissolved by death or divorce, the policy is void; at least, a judgment for the insurer will be affirmed in such a case where the beneficiary's former marriage has not been dissolved, and it does not appear that she had ever taken any steps to ascertain whether her husband was living or dead, and there is no proof that he had ever absented himself, and he actually was present at the trial and testified."

See also *Gaines* v. *Fidelity & Casualty Co.*, 93 App. Div. 524, 87 N. Y. S. 821 (N. Y. Sup. Ct. 1904) 111 App. Div. 386, 97 N. Y. S. 836 (1906), aff. 188 N. Y. 411, 81 N. E. 169 (1907), cited in *Continental Casualty Company* v. *Lindsay*, 111 Va. 389, 392, 69 S. E. 344.

In *Bankers Insurance Corporation* v. *Wheeler*, 203 Va. 434, 438,

125 S. E. 2d 151, we quoted with approval from Vance, Law of Insurance (Anderson 3rd Ed. 1951) Section 62, page 376:

" 'If the knowledge of a fact would cause the insurer to reject the risk, or to accept it only at a higher premium rate, that fact is material, though it may not even remotely contribute to the contingency upon which the insurer would become liable, or in any wise affect the risk.' "

In *Continental Casualty Company* v. *Lindsay, supra,* the facts are very much like those in the present case. In that case, the insured was living in illicit cohabitation with a woman who was not his wife. Here, the insured was living unlawfully with a woman who was the wife of another man. In each case, the false representation as to the marital status of the woman was clearly material to the risk assumed under an insurance policy on the life of the man.

The facts in the present case distinguish it from those relied upon by the plaintiff.

It is no longer necessary to show that a misrepresentation was wilfully false, or fraudulently made, to affect its materiality in this type of case. A former requirement to the contrary was removed in 1919 from the Code of Virginia, when a general revision of the Code was made, and § 4220, Code of 1919, was enacted, the forerunner of above § 38.1-336. [See Revisors' Note under § 4220, Code of Virginia 1919.]

The trial court did not abuse its discretion in permitting Prudential to file an amended answer and grounds of defense after it had ascertained that Chitwood's representation as to the status of the plaintiff was false.

Rule of Court 3:13 provides, in part, as follows:

"No amendment shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice * * *."

There is nothing in the record to indicate that, at the time it filed its original grounds of defense, Prudential had any knowledge that plaintiff was not the lawful wife of Chitwood. The only information it had as to her marital status was the statement in the application for insurance that she had obtained a divorce from Brown in 1960. Since she could have been divorced in any one of the states of the Union, or in Mexico, or some other place, there was no practical way to determine when and where she was divorced, except to ask her. Not until she answered the interrogatories did Prudential know that she had not obtained a divorce from Calvin Dempsie Brown in 1960, or any other time. Nor is there anything to indicate that Prudential,

by its delay in asserting its defense of misrepresentation in the application for insurance, waived its right to request leave to amend its defense and rely upon the misrepresentation in question. *Herndon* v. *Wickham*, 198 Va. 824, 827, 97 S. E. 2d 5.

We conclude that the representation in the application of insurance as to plaintiff's marital status was false, and that the evidence clearly and convincingly proved that it was material to the risk assumed by Prudential.

The judgment of the trial court is affirmed.

*Affirmed.*