**MOUNTAIN SECURITY SAVINGS BANK, Plaintiff,**

v.

**UNITED GUARANTY RESIDENTIAL INSURANCE CO., Defendant.**

### Civ. A. No. 86–0369–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

July 16, 1987.

Franklin P. Slavin, Jr., Bird & Slavin, Wytheville, Va., for plaintiff.

David B. Hart, John L. Cooley, Fox, Wooten & Hart, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This matter is before the court on the motion for summary judgment of defendant, United Guaranty Residential Insurance Company (United Guaranty). Plaintiff, Mountain Security Savings Bank (Mountain Security), brought this action originally in the Circuit Court of Wythe County, Virginia, but the defendant removed it to this court pursuant to 28 USC § 1441.

In its motion for judgment, plaintiff claims that United Guaranty failed to honor its contract of mortgage loan insurance. United Guaranty denies owing plaintiff under the contract claiming that the contract was invalid because of material misrepresentations contained in the application for insurance.

Jurisdiction over this action exists under 28 U.S.C. § 1332 in that there is diversity of jurisdiction and the amount in controversy exceeds $10,000.

Plaintiff, Mountain Security, is a savings and loan association. On September 23, 1983, it agreed to finance the residence of Mr. and Mrs. Herbert T. Jones. The loan was to be secured by a first lien deed of trust on the residence. As a condition for making the loan, Mountain Security required that the deed of trust be insured with mortgage insurance. Thus, plaintiff sought such insurance from the defendant, United Guaranty, which insures mortgage lenders against losses arising from borrower default under notes secured by deeds of trust.

To obtain the insurance, plaintiff submitted to United Guaranty an appraisal of the property, a credit report concerning the Joneses' ability to repay the loan, and the Joneses' loan application. Based on these documents, United Guaranty issued plaintiff an insurance contract that provided insurance on up to twenty-five percent of the total amount of the deed of trust loan granted the Joneses. The contract provided that statements of the borrower in the application for insurance were deemed that of the ensured.

After the loan closing, the Joneses filed a petition for bankruptcy and defaulted on the loan. Mountain Security suffered a loss of $143,371.57, and filed a claim pursuant to the insurance contract for $35,-842.89. Defendant refused to honor the contract and this action ensued.

The uncontradicted affidavit of defendant's Vice President for Loss Management, Jack Padgett, indicates that the Joneses loan application did not contain two other loans owed by them. One was payable to Pinehurst, Inc., had an unpaid balance at the time the loan application was completed of $8,000, and required monthly payments of $248.00. The other was payable to National Consumers, had a balance due of $3,681.85 at the time the loan application was completed, and required monthly payments of $143.55.

In its motion for summary judgment, United Guaranty claims that the Joneses' failure to include this indebtedness amounted to a material misstatement of fact and that because under the contract any statement in the loan application was deemed to be that of plaintiff, the insurance contract was invalid.

The court agrees. There is no doubt that in the contract the parties agreed that all the borrowers' statements submitted to United Guaranty were the insured's representations. It states:

> The insured agrees that statements made and matters presented by it [or] the borrower . . . in the application for the policy and in the . . . other documentation submitted therewith . . . are the insured's representations, and that the company has issued the commitment and certifica-

tion in reliance upon the correctness and completeness thereof.

In addition, it is clear that the Joneses' loan application contained misrepresentations in that it did not include their debts to Pinehurst, Inc. and National Consumers.

 Under Virginia law an insurer escapes liability under its policy if it proves that there are misstatements of fact in the insurance application and that such misstatements were material to the risk when assumed. *Mutual of Omaha Insurance Co. v. Dingus*, 219 Va. 706, 250 S.E.2d 352, 355 (1979); *Chitwood v. Prudential Insurance Co. of America*, 206 Va. 314, 143 S.E.2d 915, 917–18 (1965). A fact is material to the risk to be assumed by the insurance company if the fact would reasonably influence the company's decision whether or not to issue the policy. *Dingus*, 250 S.E.2d at 355.

As noted above, there is no question that the insurance application contained misrepresentations. In addition, the court finds that the misstatements were material to the risk to be assumed. Padgett stated in his affidavit that as a result of the Joneses' nondisclosure they appeared to have an actual debt ratio within the limits acceptable for insurance; however, their actual debt ratio was in reality well above the limits acceptable for issuance of a certificate of insurance. Based upon that information, United Guaranty would not have issued the certificate of insurance.

Plaintiff has produced no affidavit to contradict Padgett's sworn statement. Thus, the court concludes that defendant proved that the misrepresentations were material.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted if there are no material issues of fact and the moving party is entitled to judgment as a matter of law. All material facts in this case are undisputed, and it is clear that under Virginia law, the parties' insurance contract was invalid and defendant has no liability thereunder. Consequently, the defendant is entitled to summary judgment.

An order granting defendant's motion will accompany this memorandum opinion.

## ORDER

For the reasons set forth in the Memorandum Opinion this day entered:

### IT IS ORDERED

that the defendant's motion for summary judgment is GRANTED, judgment is hereby ENTERED in favor of defendant, and this action is DISMISSED from the Court's docket.

The Clerk of Court is directed to send copies of this order and accompanying memorandum opinion to counsel of record.