**Frances W. GILMORE, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

Civ. A. No. 75–0108.

United States District Court,
W. D. Virginia.

Feb. 16, 1977.

**36**

David Hart, Smeltzer & Hart, Roanoke, Va., for plaintiff.

Eppa Hunton, IV, Hunton, Williams, Gay & Gibson, Richmond, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

DALTON, District Judge.

Plaintiff's husband procured a term life insurance policy on his life naming plaintiff as the beneficiary. The application, dated May 28, 1974, contained the usual questions relating to the applicant's medical history and condition. The questions were answered, the application was completed and approved, and the policy was issued on June 19, 1974.

On September 8, 1974 the insured died of an acute coronary thrombosis. The insurer refused to pay, and plaintiff's wife and named beneficiary brought suit. The defendant has pleaded as an affirmative defense alleged material misrepresentations in the procurement of the policy and has moved for summary judgment.

The alleged material misrepresentations occurred in the decedent's responses to various questions in the application for insurance pertaining to decedent's medical history and condition. When asked when he last consulted a doctor and for what reasons, the decedent indicated that he had last consulted a doctor in December of 1967 for an ear infection. The pertinent remaining questions were worded for simple "yes" or "no" responses. The question numbered 7e asked whether "the insured had ever been treated by any doctor for or had any known indication of tumor, cancer, diabetes, or syphilis." Question 7f made similar inquiry

as to "nervous trouble, epilepsy, or mental disorder." The insured responded in the negative to both inquiries. When asked in question 8a whether he had "ever been treated by any doctor for or had any known indication of any disease or disorder of the heart, arteries, or veins", the insured indicated that he had not. Question 9a inquired as to whether the insured, in the past five years, had ever "consulted or been attended by or been examined by any doctor." To this the insured responded "no." Similarly, in relation to question 9b, as to whether within the past five years the insured had ever had any electrocardiograms, x-rays for treatment or diagnostic purposes, or any blood, urine, or other medical tests, the insured indicated that he had not. As to question 10 the insured answered that he had no "known indication of any other physical disorder or abnormality."

Among other facts, the uncontradicted evidence establishes that the insured's medical history includes a fainting spell on June 15, 1967 and a resulting medical examination including an electrocardiogram, which revealed a right bundle branch block of the heart. In September, 1967 the insured revisited the doctor who conducted the earlier examination, and another EKG was conducted, and the insured was placed on a diet for a possible diabetic condition. Subsequent to the second visit, the insured periodically revisited the doctor for examinations the last of which was conducted on July 27, 1972. The evidence further discloses that the answer to each question in controversy effects either the decedent's insurability or the amount of the premium.

Va.Code Ann., § 38.1–336(1976) sets forth the circumstances under which a false representation in an application for insurance bars recovery on the policy:

*When answers or statements of application not to bar recovery on policy.*—All statements, declarations and descriptions in any application for a policy of insurance or for the reinstatement thereof shall be deemed representations and not warranties, and no statement in such application or in any affidavit made before

or after loss under the policy shall bar recovery upon the policy of insurance or be construed as a warranty, anything in the policy to the contrary notwithstanding, unless it be clearly proved that such answer or statement was material to the risk when assumed and was untrue.

■ An insured's answer in an application for insurance, which is material to the risk when assumed and untrue, avoids the insurer's liability under the policy. Va. Code Ann., § 38.1–336 (1976); *Hawkeye-Security v. Government Employees Insurance Company,* 207 Va. 944, 154 S.E.2d 173 (1967).

■ Whether a representation was made and the terms upon which it was made are factual questions for the jury but when proved its materiality becomes a question for the court to decide. *Harrell v. North Carolina Mutual Life Ins. Co.,* 215 Va. 829, 213 S.E.2d 792 (1975).

"A fact is material to the risk to be assumed by an insurance company if the fact would reasonably influence the company's decision whether or not to issue a policy." *Mutual of Omaha v. Echols' Adm'rs,* 207 Va. 949, 953–954, 154 S.E.2d 169, 172 (1967).

■ After reviewing the uncontradicted evidence this court has concluded that each representation in question is material either to the insurability or the premium charged and is untrue, and consequently, sufficient for the insurer to avoid liability.

Even if this court were to assume that triable issues existed as to every question except 9a it would be constrained to conclude that the insured's answer to that question precludes plaintiff's recovery. The insured responded to the inquiry in that question that he had not within the past five years, consulted or been attended by or been examined by any doctor, although the uncontradicted fact is that the insured visited the same doctor more than five times during that five year period.

Those examinations reveal that the insured was suffering from hypoglycemia and right bundle branch block. Had this information been available to the insurer "the policy which is the subject of this litigation would not have been issued." (affidavit of Howard Miller, pages 3 & 4) This information certainly would have been available to the insurer had the insured answered this question truthfully.

■ The only issue presented on motion for summary judgment is whether there is a genuine issue as to any material fact. If there is not then summary judgment is appropriate.

■ In the context of the present case, a false answer as to question 9a precludes recovery. There being no controversy as to the representation and its falsity, this court's determination of its materiality determines this suit. This result is mandated irrespective of whether the insured acted fraudulently. 1919 Code of Va. § 4220, Revisors' Notes; *Chitwood v. Prudential,* 206 Va. 314, 143 S.E.2d 915 (1965).

Summary Judgment for Defendant.