## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Prudential Ins. Co.

v.

Faircloth

September 4, 1991

Case No. (Chancery) CH900414

By JUDGE ALFRED D. SWERSKY

This action to rescind coverage under a contract for life and health insurance was taken under advisement after hearing a motion to dismiss by defendant and a trial on the merits, the Court having reserved its ruling on the motion.

Prudential alleges that Faircloth's application for coverage under a life and health care plan offered to his employer "contained misrepresentations, concealments and omissions of material facts concerning Faircloth's past and present medical condition and treatment." Prudential sought to prove that Faircloth had been found HIV positive prior to his application for coverage and failed to reveal this in response to a question in the application as to whether he had "any indication of any physical or mental disorder or any disease not disclosed in the answers . . . ."

Defendant claims and bases his motion to dismiss on a lack of subject matter jurisdiction, arguing that this common law action for rescission has been pre-empted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*

The authorities are widely split as to the extent of the causes of action that have been pre-empted by this statutory scheme. While no Virginia cases dealing directly with this issue have been presented, both sides presented authorities that seem to support their arguments. However, the Court finds that a cause of action brought by an insurer for rescission of the contract based on fraud is not pre-empted by the act. The purpose of the statutory scheme to make uniform the treatment received by employees under retirement plans is not served by pre-emption of a cause of action directed at determining whether or not coverage exists in the first instance. Further, Virginia's statutes on fraudulent applications for insurance coverage and incontestability found at Code of Virginia, §§ 38.2-309, 38.2-3528 and 38.2-3326, are statutes that regulate insurance and are "saved" from pre-emption by the so-called "savings" clause of Title 29, U.S.C. § 1144(b)(2)(A).

Further, under the law of this Commonwealth, the fraud, if shown, would void the contract *ab initio*, and no contract would exist between the parties. *See, Hawkeye-Sec Ins. Co. v. Government Employees Ins. Co.*, 207 Va. 944 (1967).

Defendant's Motion in Limine to bar use of the statements contained in his application will be denied since the Court has found that the complainant has properly filed this action, and it is within the time provided for contesting the policy.

Turning to the merits, complainant has shown that defendant was tested and found to be HIV positive in October of 1986. His application was filed with Prudential in April of 1988, and the evidence reveals that he was further tested in September and December of 1987; that he saw his physician on eight separate occasions between October, 1986, and the date of the application; that Faircloth knew or had been advised as to the then state of the knowledge of the effects of being HIV positive; and that on his application, he advised that he had seen his doctor only one time for "preventive medicine physical, 4/87, Dr. Warren Chamberline (sic)."

Thus, the statements on Faircloth's application are untrue and are clearly material to the risk assumed by Prudential. § 38.2-309.

Judgment will be rendered in favor of complainant on its bill for rescission. Judgment will be rendered against defendant on his cross-bill.