976 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James H. STALLINGS; Lorraine S. Stallings, Plaintiffs-Appellants,
v.
STATE FARM GENERAL INSURANCE COMPANY, Defendant-Appellee.
 No. 91-1227.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 5, 1992
Decided: Sept. 16, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-91-217-A)
 Argued: John A. Keats, Fairfax, Virginia, for Appellants.
 August W. Steinhilber, III, Brault, Palmer, Grove, Zimmerman, White & Mims, Fairfax, Virginia, for Appellee.
 E.D. Va.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and STAMP, United States District Judge for the Northern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 James and Lorraine Stallings ("Stallings") purchased a fire insurance policy for a residence in Falls Church, Virginia, from State Farm General Insurance Company ("State Farm") for the one year period from May 25, 1990, to May 25, 1991. On July 31, 1990, a fire occurred at the dwelling, causing extensive damage. After State Farm denied coverage, the Stallings filed suit in the United States District Court for the Eastern District of Virginia alleging breach of contract. State Farm pled material misrepresentation as an affirmative defense.
 
 
 2
 At the close of a three day trial, the district court prepared a special verdict form for use by the jury. The first question of the special verdict form asked whether the Stallings "falsely answer[ed]" certain questions on the application for insurance. The Stallings interposed their objection to this question, arguing the correct question was whether they made a "material misrepresentation" on the application for insurance. The district court overruled the Stallings' objection. The jury answered the first special verdict question in the affirmative, and the district court entered judgment in favor of State Farm, finding the insurance policy void. Following the denial of their motion for a new trial, the Stallings timely noted this appeal on the issue of "Whether the [District] Court erred in its use of special interrogatories which were misleading and contained no general verdict." Finding no error, we affirm.
 
 I.
 
 3
 The use of special interrogatories rests with the sound discretion of the trial court and review upon appeal is limited to determining whether the district court abused its discretion. Norfolk Southern Ry. Co. v. Davis Frozen Foods, 195 F.2d 662, 666 (4th Cir. 1952). Whether the special interrogatories were legally deficient is solely a question of law that this court must review de novo. See Salve Regina College v. Russell, 111 S. Ct. 1217, 1221, 113 L. Ed. 2d 190, 198 (1991).
 
 II.
 
 4
 In early May 1990, James Stallings contacted Arthur Smith ("Smith"), a State Farm insurance agent, about obtaining fire insurance on a property the Stallings were in the process of purchasing in Falls Church, Virginia. The Stallings were required to obtain insurance as part of the settlement proceeding, which was scheduled to occur June 11, 1990. Anna Huko ("Huko"), a licensed State Farm agent employed by Smith, contacted James Stallings by telephone to ask him several questions contained within the insurance application. Huko asked James Stallings whether the property he and his wife were purchasing would be used as their personal residence, to which James Stallings replied that it would. In the section of the application labelled "Dwelling," a question asks "Does owner occupy building?" Huko checked the box marked "Yes" in response to the question. At the time the application was completed, which was prior to the date of settlement, the dwelling was not occupied by the Stallings, as Huko knew.
 
 
 5
 Huko also asked James Stallings whether the dwelling was being remodeled. Huko marked the "No" box in response to the question "Is dwelling being remodeled?" The house was not being remodeled at the time the question was answered, but remodeling was to occur in the future. The Stallings intended to spend between $15,000.00 and $20,000.00 remodeling the home prior to occupying it.
 
 
 6
 On July 31, 1990, the Stallings' dwelling was damaged by fire. The Stallings submitted proof of loss to State Farm on September 19, 1990, placing the cost of repair or replacement to the structure at $64,564.16. By letter dated February 22, 1991, State Farm rescinded the policy and denied all coverage for the fire losses, basing its denial upon the Stallings' alleged concealment and misrepresentation of material facts in the insurance application. State Farm stated in the letter that if it had been aware that the residence was being remodeled and that the Stallings did not reside in the residence at the time of the application, it would not have issued the policy.
 
 
 7
 The Stallings filed suit and the case proceeded to trial. At the close of trial, after the court concluded that the Stallings' intention not to immediately occupy the residence and to effect substantial renovations prior to occupancy would have been material to State Farm in determining whether to issue the policy, the district court posed special interrogatories to the jury. The first special interrogatory asked:
 
 
 8
 "Did the insured plaintiffs ... falsely answer the application for insurance?" The interrogatory then provided a line for "Owner occupied dwelling" "Yes # 6D6D6D6D6D6D6D6D7F# "No # 6D6D6D6D6D6D6D6D7F# and a line for "Remodeling" "Yes # 6D6D6D6D6D6D6D6D7F# "No # 6D6D6D6D6D6D6D6D7F# .
 
 
 9
 The Stallings timely objected, arguing the correct question should have been:
 
 
 10
 "Did the insured plaintiffs ... make intentional misrepresentations with regard to the following questions on the application for insurance?" With a line for "Owner occupied dwelling" "Yes # 6D6D6D6D6D6D6D6D7F# "No # 6D6D6D6D6D6D6D6D7F# and a line for "Remodeling" "Yes # 6D6D6D6D6D6D6D6D7F# "No # 6D6D6D6D6D6D6D6D7F# .
 
 
 11
 The district court overruled the Stallings' objection, and submitted its special verdict form to the jury. Following the jury's determination that the Stallings falsely answered the owner occupied dwelling and remodeling questions on the insurance application, the district court entered judgment in State Farm's favor. The district court denied the Stallings' motion for a new trial, and this appeal followed.
 
 III.
 
 12
 Federal Rule of Civil Procedure 49(a) permits the district court to require the jury to return only a special verdict.
 
 
 13
 The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact.... The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue....
 
 
 14
 Fed.R.Civ.P. 49(a).
 
 
 15
 The formulation of issues, the use of special verdicts, and the form of the submitted interrogatories rest with the sound discretion of the district court. Tights, Inc. v. Acme-McCrary Crop., 541 F.2d 1047, 1060 (4th Cir.), cert. denied, 429 U.S. 980 (1976). The trial court must, however, provide a sufficient explanation of the special interrogatories to enable the jury to make its findings on each issue. Scott v. Isbrandtsen Co., 327 F.2d 113, 119 (4th Cir. 1964). We conclude that the use of special interrogatories in this case was not an abuse of discretion and that the district court's explanation of the interrogatories satisfied the requirements established in Scott.
 
 
 16
 The district court instructed the jury on the burden of proof and the elements that each party was required to prove in order to prevail in the case. The court informed the jury that "In considering whether the statement [on the application for the policy] was false, you may consider the nature of the question asked in the application and what that question would have meant to a reasonable person applying for insurance." The court also noted that "Forfeiture of insurance claims are not favored, and to warrant denying the plaintiffs' right of recovery on the grounds of making false statements concerning material facts, you must find that the defendant, State Farm, has established the material misrepresentation by clear, unequivocal and convincing evidence." Finally, the court read the special interrogatories to the jury, and indicated that, as to the first question, "Answer of yes is in favor of the defendant. Answer of no is in favor of the plaintiffs."
 
 
 17
 As this court recognized in Tights, the use of special forms of verdict rests with the sound discretion of the district court. 541 F.2d at 1060. The district court's use of a special verdict is explicitly permitted by the Federal Rules of Civil Procedure. The court's instructions and review of the special verdict form were sufficient "to enable the jury to make its findings upon each issue." Fed.R.Civ.P. 49(a); Scott, 327 F.2d at 119. The special verdict form itself was clear and unambiguous. Applying the applicable standard of review, this court must conclude that the district court did not abuse its discretion by electing to use a special verdict in this case.
 
 IV.
 
 18
 The Stallings next argue that the interrogatories posed by the district court incorrectly stated the applicable Virginia law. We do not agree.
 
 
 19
 Under Virginia law, in order for an insurer to be able to void an insurance policy, the insurer must prove that the information supplied by the insured on an application was untrue when made and that the untrue information was material to the risk. Va. Code Ann. § 38.2309 (1992) ("No statement in an application ... shall bar a recovery upon a policy of insurance unless it is clearly proved that such answer or statement was material to the risk when assumed and was untrue"); Hawkeye-Security Ins. Co. v. Governmental Employees Ins. Co., 207 Va. 944, 947, 154 S.E.2d 173, 176 (1967) ("[A] misrepresentation of a fact material to the risk when assumed renders an insurance contract void."); Green v. Southwestern Voluntary Ass'n, 179 Va. 779, 787, 20 S.E.2d 694, 697 (1942) ("[N]o such statement ... shall be allowed to bar a recovery upon the policy ... unless it be 'clearly proved' that it was both false and material to the risk." (citations omitted)). Whether a statement is untrue is a question for the jury, but materiality is a question for the court. Hawkeye-Security, 207 Va. at 947, 154 S.E.2d at 175.
 
 
 20
 The Virginia Supreme Court has used "intentional misrepresentation", "false answer", and "untrue statement or answer" interchangeably in determining whether an insurer may void a policy under Va. Code Ann. § 38.2-309. See Hawkeye-Security, 207 Va. at 947, 154 S.E.2d at 176; Chitwood v. Prudential Ins. Co., 206 Va. 314, 316-18, 143 S.E.2d 915, 917-19 (1965); Green, 179 Va. at 787, 20 S.E.2d at 697. Indeed, Black's Law Dictionary defines "False" as "Not true," continuing: "A statement (including a statement in a claim or document), is 'false' if it was untrue by the person making it, or causing it to be made." Black's Law Dictionary 600 (6th ed. 1990). "False" is a synonym of "untrue" and the district court's use of "false" in the special interrogatory correctly stated existing Virginia law.
 
 
 21
 In this case, the district court made a preliminary determination that the answers to the "owner occupied dwelling" and "remodeling" questions would have been material to State Farm in deciding whether to write the policy. The court then submitted its special interrogatories to the jury, asking whether the Stallings "falsely answer[ed]" the questions on the insurance application. The jury answered the questions in the affirmative, and the district court entered judgment in favor of State Farm. The court properly decided the question of materiality as a matter of law. The special interrogatory questions posed by the district court were not misleading and accurately reflect Virginia law. The district court did not err.
 
 V.
 
 22
 For the reasons stated herein, the judgment of the district court is affirmed.
 
 AFFIRMED