PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Goodwyn, and Millette, JJ., and Stephenson, S.J.

RIGOBERTO PORTILLO

                                           OPINION BY
v.  Record No. 072504    SENIOR JUSTICE ROSCOE B.STEPHENSON, JR.
                                        January 16, 2009
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Gaylord L. Finch, Jr., Judge

     The issue in this appeal is whether the trial court erred in declaring void an insurance policy issued by Nationwide Mutual Fire Insurance Company (Nationwide).

                                 I

     The facts are not in dispute.  In February 2004, Anael Lopez Portillo filed an insurance application (the Application) with Nationwide, seeking insurance coverage for his newly purchased motor vehicle.  The Application required the applicant to "list all household members of driving age and non-resident operators."  Only Anael and his sister are listed on the Application.  Under the heading "Financial Responsibility/Relationship," the Application poses the following question:  "Have all drivers who have access to the vehicles been indicated on this application?"  In response, the Application bears a "Y," indicating an affirmative answer.  Just before Anael's signature on the Application, there appears the following statement:  "I have disclosed all drivers who have access to the vehicles indicated on

the application."  To further indicate compliance with this disclosure requirement, to the right of the statement there is a check mark next to "Yes."  In the Application's "Closing Statement," the applicant certifies, "I hereby declare that the facts stated in the above application are true."  Nationwide issued a policy based upon the Application.

In July 2004, Jose C. Lopez, Anael's nephew, was operating the vehicle when it was involved in a single-vehicle collision. Rigoberto Portillo, another of Anael's nephews, was a passenger in the vehicle and was seriously injured.

Following the collision, Anael reported the loss to Nationwide.  A representative from Nationwide sent Anael a letter stating that the policy was void because Anael had not disclosed in the Application that Lopez was a member of Anael's household who was of driving age.

II

Rigoberto filed a declaratory judgment action seeking to compel Nationwide to provide insurance coverage under the policy. At trial, portions of Anael's deposition were read into evidence. In the deposition, Anael admitted that, at the time he completed the Application, Lopez was twenty-one years of age, licensed to drive, and a full-time resident of his household.  Anael stated, however, that he had never given Lopez permission to drive his vehicle and that he had never seen Lopez driving his vehicle.

2

A representative of Nationwide testified that, when Anael reported the loss following the July 2004 collision, he told her that he had permitted Lopez to borrow his car to run an important errand. Another Nationwide representative testified that Nationwide did not learn until after the July 2004 collision that Lopez was a resident of Anael's household. According to this representative, if Nationwide had known that Lopez was a full-time resident of Anael's household when Nationwide issued the policy, the insurance premium would have been 74% greater than the premium charged for the policy issued.

The trial court held that Nationwide clearly proved that Anael had made four misrepresentations in the Application that were material because they would have "cause[d] the insurer to reject the risk or accept it only at a higher premium rate." The court, therefore, ruled that the policy was void. We awarded Rigoberto this appeal.

### III

Rigoberto contends that materiality is determined only by whether Nationwide would have issued the policy and that Nationwide, had it known of Lopez, would have issued the policy, but at an increased premium. Nationwide contends that an increase in premium, in itself, is sufficient to support a finding of materiality. It also points out that it was denied the opportunity to conduct a full "eligibility investigation."

A misrepresentation is material to the risk to be assumed by an insurance company if the representation would reasonably influence the insurer's decision whether to issue the policy. Time Ins. Co. v. Bishop, 245 Va. 48, 52, 425 S.E.2d 489, 492 (1993); Mutual of Omaha Ins. Co. v. Echols, 207 Va. 949, 953-54, 154 S.E.2d 169, 172 (1967). The insurer has the right to know the full truth in order to permit it to make inquiries and assess whether to assume the risk. Hawkeye-Security Ins. Co. v. Government Empl. Ins. Co., 207 Va. 944, 947, 154 S.E.2d 173, 176 (1967); Chitwood v. Prudential Ins. Co. of Am., 206 Va. 314, 318, 143 S.E.2d 915, 918 (1965); Fidelity Bankers Life Ins. Corp. v. Wheeler, 203 Va. 434, 437-38, 125 S.E.2d 151, 153 (1962); Inter-Ocean Ins. Co. v. Harkrader, 193 Va. 96, 100-01, 67 S.E.2d 894, 897 (1951). It is the insurer's "opportunity to estimate the risk under its contract" that is taken away by an applicant's misstatement of material facts. Inter-Ocean Ins. Co., 193 Va. at 101, 67 S.E.2d at 897. As we have explained, "[a] knowledge or ignorance of such [material] facts would naturally and reasonably influence the judgment of the insurer in making the contract or in establishing the degree or character of the risk or in fixing the rate of premium." Id.

IV

In the present case, the Application required Anael to "list all household members of driving age." There is no dispute that

4

Anael failed to list Lopez, who was 21 years old, a licensed driver, and a full-time resident of his household.[*]  This misrepresentation deprived Nationwide of the opportunity to make inquiries and assess whether to assume the risk of issuing a policy to Anael.  The knowledge of an additional potential driver would reasonably have influenced Nationwide's judgment.  In addition, knowledge of the fact of an additional household resident of driving age would have influenced Nationwide's fixing of the rate of premium.  As the Nationwide representative testified, Nationwide would have charged a higher premium had it known of this fact.  The misrepresentation also was relevant to the claim made against the policy.  Therefore, the misrepresentation was material, and the trial court did not err in declaring void the Nationwide policy issued to Anael.

V

Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed</u>.

---

[*] In his first of two assignments of error, Portillo contends that the trial court erred in finding a material misrepresentation because Lopez "did not meet Nationwide's own definition of a driver."  The Application, however, required Anael to list all "household members of driving age."  This assignment of error, therefore, is without merit.

5