**Richmond**

LANDON T. HAGER

v.

SHIRLEY T. HAGER

No. 0930-85

Decided November 5, 1986

416

COUNSEL

Douglas C. Carter, for appellant.

Robert P. Dwoskin, for appellee.

OPINION

**HODGES, J.** —This appeal involves a prayer for a declaration of the validity of the parties' marriage, which will be viewed as a suit to affirm marriage. *See* Code § 20-90. The trial court held that the marriage was valid and granted appellee leave to proceed with a suit for divorce. The appellant, Landon T. Hager, asserts that the finding of validity was in error. We agree and reverse.

In her bill of complaint filed on the chancery side of the circuit court, the appellee, Shirley T. Hager, alleged that she and the appellant took part in a marriage ceremony in Greenville, South Carolina on July 20, 1958. At the time of the ceremony, appellant had not secured a final decree of divorce from his first wife. He subsequently obtained a final decree of divorce in the Circuit Court of Albemarle County on April 1, 1959. Appellee's complaint alleged that she was unaware that the appellant was married to another woman at the time of her marriage ceremony and that appellant informed her that he was divorced. She prayed that the court declare the parties' marriage valid so that she could proceed with a suit for divorce.

The appellee argues that South Carolina law should apply since the marriage ceremony took place there. She contends that under South Carolina law the parties' marriage is presumptively valid. There is nothing in the record to support her assertion, but even assuming, *arguendo*, that the assertion is correct, we find that the law of Virginia must be applied to determine the question of validity of the marriage within this state. "[N]o state is bound by comity to give effect in its courts to the marriage laws of another state, repugnant to its own laws and policy." *Toler v. Oakwood Smokeless Coal Corp.*, 173 Va. 425, 430, 4 S.E.2d 364, 366 (1939). In Virginia, a bigamous marriage is void *ab initio*. "All marriages which are prohibited by law on account of either of the parties having a former wife or husband then living shall be absolutely void." Code § 20-43. Indeed, persons who engage in such a

marriage may be subject to criminal prosecution. Code § 18.2-362. Therefore, the South Carolina marriage ceremony "conferred no legal rights, and it was as if no marriage had ever been performed." *Chitwood v. Prudential*, 206 Va. 314, 317, 143 S.E.2d 915, 918 (1965). The parties' marriage was void in the Commonwealth and, as such, cannot support a suit for divorce.

The trial court held that the parties' South Carolina marriage was merely voidable and that appellant was estopped from asserting the invalidity of the marriage since he had presented himself as appellee's husband in all respects. However, the applicable law is the law of Virginia, and under that law, the parties' marriage was void *ab initio*. Therefore, the trial court's determination that the marriage was valid was error.

Accordingly, the judgment below is reversed and this cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

Koontz, C.J., and Cole, J., concurred.