# CIRCUIT COURT OF ARLINGTON COUNTY

Roy Allen Gottlieb et al.

v.

Andre Crouch et al.

January 8, 1998

Case No. (Chancery) 96-475-01

BY JUDGE WALTER W. STOUT, III

On July 12, 1996, plaintiffs Roy Allen Gottlieb, Frances Annette Byrd, Roland Haney, Drema Cleveland, Alonzo Smith, and Angela Johnson filed a Bill of Complaint in the Circuit Court of the County of Arlington seeking declaratory judgment as to the validity of their respective marriages. Plaintiffs named Radio One of Maryland, d/b/a "MAJIC 102.3," and the Reverend Andre Crouch as defendants.

Radio One filed a demurrer, which the court granted, effecting its dismissal from the action. Reverend Crouch failed to file a responsive pleading, and the court found him in default.

On December 30, 1996, Plaintiffs filed a First Amended Bill of Complaint. Plaintiffs added Edward Semonian, Clerk of the Circuit Court of the City of Alexandria, and David Bell, Clerk of the Circuit Court of Arlington as defendants. On February 17, 1997, Plaintiffs filed a second amended Bill of Complaint. By a consent order, four of the six plaintiffs and Edward Semonian reached a settlement that stipulated to the validity of their marriages. This settlement was not to prejudice the claims of the remaining parties.

The parties now before the court are those who did not enter into the consent agreement. The remaining Plaintiffs, Roy Allen Gottlieb and Fran-

ces Annette Byrd, pursue this action against Defendants Reverend Crouch and David Bell.

The facts are not disputed by the parties.

In January 1996, Radio One of Maryland, d/b/a MAJIC 102.3, solicited couples to take part in a public marriage ceremony. The ceremony was to be officiated by Reverend Crouch, a well-known gospel singer. The ceremony was scheduled for February 14, 1996 ("Valentine's Day") at Pentagon City Mall in Arlington County. On February 7, 1996, pursuant to their interest in participation in this ceremony, plaintiffs procured a marriage license in Arlington County.

Plaintiffs initially questioned Reverend Crouch's qualifications to perform the ceremony. Representatives of Radio One assured plaintiffs that the ceremony to take place would be valid. Testimony by Plaintiffs' counsel at the hearing for these cross-motions on December 4, 1997, revealed that Reverend Crouch himself spoke to Plaintiff Roy Allen Gottlieb on the evening of February 13, 1996, and expressed his ability to legitimately marry plaintiffs the following morning. Plaintiffs participated in the ceremony on February 14, 1996.

On February 27, 1996, nearly two weeks after the public ceremony took place, an employee of the Clerk's Office of the County of Arlington acknowledged receipt of the plaintiffs' marriage certificate, signed by Reverend Crouch. Several lines on the certificate were left blank. The missing information included whether the ceremony was civil or religious, the location of the ceremony, and the year and Virginia jurisdiction in which Reverend Crouch was authorized to officiate wedding ceremonies. The certificate was also received late in the Clerk's Office.

Either Defendant David Bell, or his employee, checked for the authorization to conduct marriages of Reverend Crouch in Arlington and Alexandria. Defendant or his employee was unable to find that authorization was granted to Reverend Crouch in either of these two jurisdictions. Mr. Bell did not conduct any additional inquiry as to whether Reverend Crouch was licensed in any other jurisdictions in Virginia.

Defendant Bell then sent a letter to Plaintiffs which stated that the missing information on their marriage certificate was required to ascertain if they had been validly married. On March 7, 1997, the Reverend Crouch returned to Virginia where he obtained certification to perform weddings from the City of Alexandria. Defendant Bell then instructed his staff to fill in the information missing from the license, pertaining to the type, time, and location of the ceremony, which the staff had obtained after personally viewing the ceremony during its telecast. Information regarding the subse-

quent authorization of Reverend Crouch was provided by the Circuit Court Clerk of the City of Alexandria.

Plaintiffs admit that they have consummated the marriage, have held themselves out on social occasions as husband and wife, and have filed state and federal income taxes as married individuals. Plaintiffs have brought this action against Defendant Bell on the grounds that their receipt of the letter which questioned the validity of their marriage created a justiciable controversy between the plaintiffs and the Clerk's Office of Arlington County. The relevant portion of the letter stated that, "no proof exists that you were legally married in Virginia because of the lack of information provided in the certificate signed by Reverend Crouch." Plaintiffs also claim that Defendant Bell improperly filled in information and filed the certificate retroactively.

Under Va. Code § 20-13, "Every marriage in this Commonwealth shall be under license and solemnized in the manner herein provided." Plaintiffs cite *Offield v. Davis*, 100 Va. 250 (1902), for the proposition that solemnization of the marriage ceremony is mandatory, rather than discretionary. Plaintiffs cite additional statutes within this section in support of their position. Section 20-23 requires authorization to perform a marriage. Section 20-28 provides for a penalty to be imposed upon anyone who performs a ceremony without a license.

Defendant Bell argues that on the basis of the foregoing facts, no justiciable controversy exists between the parties. Defendant Bell further asserts that his position as Clerk of the County of Arlington creates no authority or power to determine the validity of Plaintiffs' marriage. As such, Defendant Bell argues that he is an improper party in this Declaratory Judgment action.

After considering all pleadings which have been filed by both parties and the relevant statutory authority, the Court is persuaded that Plaintiffs have failed to properly plead a justiciable controversy and grants Defendant's Motion for Summary Judgment.

Plaintiffs Roy Allen Gottlieb and Frances Annette Byrd argue that *Offield v. David*, 100 Va. 250 (1902) (formalities of marriage are mandatory), is controlling in this case. This court, however, distinguishes the facts underlying the holding in *Offield* from the facts in the present case. In *Offield*, the plaintiffs attempted to affirm a common law marriage where no ceremony had taken place. In the present case, plaintiffs participated in a ceremony in which they intended to become married.

Where a marriage ceremony has been performed, certain statutory exceptions apply which are intended to cure any defects which may occur in

its formation. *See* Va. Code § 20-31, § 20-89.1 and § 20-90. These exceptions were created by the legislature to promote the public policy that marriages should be valid where the parties intend to be married, but errors by third parties occur in its formalities.

The Code of Virginia dictates that it is the duty of the circuit court clerk to issue the marriage license. Va. Code § 20-14. The parties are required to supply the information required under oath. Va. Code § 20-16. The clerk must subsequently receive the license and file it within his office and with the state registrar of vital statistics. Va. Code § 20-20. Significantly, the clerk is granted the ability to amend marriage records, "based on evidence deemed by the clerk to be adequate and sufficient." Va. Code § 20-16.1. If the clerk does not have the license returned to him, he is required to notify the Commonwealth's Attorney of his jurisdiction.

The functions of the clerk with respect to marriage licenses are therefore limited in number. The duties of the clerk will not permit him to be present at every wedding ceremony. The clerk cannot be required to confirm the authority and propriety of each ceremony. There are penalties imposed upon the clerk for failing to perform his duties through neglect or in issuing a license contrary to the requirements of Va. Code §§ 20-32 and 20-33. None of the above-named sections affect the rights of the husband and wife entering into the marriage.

The duties of an officiant of a marriage ceremony are governed by Va. Code § 20-23. A minister may obtain a license to perform a wedding in any Circuit Court in the state. The license is valid in any county or city within the Commonwealth. The facts in this case show that Reverend Crouch did not receive a license until March 7, 1996, over one month after the wedding ceremony was performed. Defendant Bell's information regarding Reverend Crouch's authorization to perform marriage ceremonies was limited to his knowledge that Reverend Crouch had not received his authorization in either Arlington or Alexandria. Through this limited inquiry, Defendant Bell did not and could not have known that Reverend Crouch lacked the authority to perform a marriage ceremony anywhere in the Commonwealth of Virginia at this time.

The Commonwealth of Virginia has an interest in insuring that the clerk and officiant properly perform their respective duties. Virginia Code § 20-24 proscribes the failure to properly complete a marriage license with a twenty-five dollars fine. The failure to obtain a license to perform the ceremony is similarly penalized under Va. Code § 20-30.

While mandating that the parties participate in a ceremony pursuant to the formalities required by § 20-13 and in providing penalties for a clerk or

officiant who is not in compliance with the statute, the statutes do not affect the rights of the man and woman who have entered into the marriage. Rather, the statutory scheme allows errors made by third parties to occur and provides penalties to sanction and prevent such behavior. Virginia Code § 20-31 mandates that errors will not affect the validity of the marriage.

> Va. Code § 20-31. *Belief of parties in lawful marriage validates certain defects*. No marriage solemnized under a license issued in this Commonwealth by any person professing to be authorized to solemnize the same shall be deemed or adjudged to be void, nor shall the validity thereof be in any way affected on account of any want of authority in such person, or any defect, omission, or imperfection in such license, if the marriage be in all other respects lawful and be consummated with a full belief on the part of the persons so married, or either of them, that they have been lawfully joined in marriage.

The statutes determine the rights of the marriage partners according to their own intentions at the time of the ceremony. The parties' intent will be inferred from their behavior both at the ceremony and their own subsequent representation of their relationship. The subjective good faith belief of either party in the marriage, and their consummation of it, will validate a marriage within the statutory guidelines. Va. Code § 20-31. If either party believes or acts as if the ceremony was invalid, the marriage will be void or voidable and cause for an annulment may arise. Va. Code § 20-89.1; Va. Code § 20-13. If the parties wish to affirm a questionable marriage, they may file suit to affirm the marriage. Va. Code § 20-90. Thus, the lack of authority in the officiant does not automatically invalidate the marriage.

In the present case before the Court, the clerk David Bell issued a license to the Plaintiffs upon their expression of interest to be married. Defendant Bell subsequently received an incomplete marriage certificate from the officiant, Defendant Reverend Crouch. Pursuant to his authority under § 20-16.1, Defendant Bell amended the certificate to include the missing information. At no time did Defendant Bell exercise any control over Reverend Crouch, except the ability to provide the Commonwealth's Attorney with information which could lead to the imposition of sanctions. As the Clerk of the Circuit Court of the County of Arlington, David Bell has no power to challenge or to affirm a marriage once the ceremony has taken place. That power remains solely with the parties to the marriage.

Reverend Crouch did not obtain a license until after the performance of the ceremony. This amounts to a violation of the statute, and he may be subject to the penalty statutorily imposed for such an infraction. Although the court entered a default judgment against Reverend Crouch upon his failure to file a responsive pleading, Plaintiffs' inclusion of Reverend Crouch in this action for Declaratory Judgment is without legal foundation.

Under the facts of this case, Plaintiffs applied for and received a marriage license in the County of Arlington on February 7, 1996. Although the parties expressed doubts regarding the ability of Reverend Crouch to legally marry them, Plaintiffs were repeatedly assured that the ceremony would be valid. Thus, Plaintiffs participated in the marriage ceremony on February 14, 1996. Following the ceremony, Plaintiffs consummated the marriage, filed tax returns as a married couple, and introduced themselves as husband and wife.

Any questions which remain as to the validity of Plaintiffs' marriage must be answered according to the reasonable belief of the parties at the time of the ceremony. The statutory scheme allows a couple to affirm or annul a marriage pursuant to Va. Code § 20-89.1 or Va. Code § 20-90, respectively. Therefore, this is not a justiciable controversy based upon Defendant David Bell's letter to the Plaintiffs, neither is Defendant Bell or Reverend Crouch a proper party to be joined as a defendant in a declaratory judgment action to determine the validity of a marriage. As such, and based upon the foregoing, the Defendant David Bell's Motion for Summary Judgment is granted.

There are cross-motions for attorney's fees, both of which the Court hereby denies. Under Va. Code § 8.01-271.1, attorney's fees will not be awarded absent a showing by either party that the litigation was frivolous or not well-grounded in fact and law and not filed in good faith. In sending the letter to Plaintiffs, the wording of which caused them to question the validity of their marriage, Defendant Bell is estopped from claiming that no basis existed for Plaintiffs to contact an attorney to assess their legal rights. The Court believes that the course of action which was recommended by their attorney initially stems from their receipt of the letter.

Plaintiffs' motion is similarly denied. Their receipt of Defendant Bell's letter did alert them to the fact that necessary information was missing from their marriage certificate. As such, Defendant did properly inform Plaintiffs of their need to address this legal matter. Plaintiffs' decision to pursue the instant declaratory judgment action cannot, however, be attributed to Defendant Bell.