COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


RAZIEH SHOUSTARI

                                            OPINION BY
v.    Record No. 0399-02-4          JUDGE G. STEVEN AGEE
                                         DECEMBER 31, 2002
ALI A. ZAMANI


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Gaylord L. Finch, Jr., Judge

             Patrick G. Merkle for appellant.

             No brief for appellee.


     Razieh Shoustari ("Shoustari") appeals a decision of the

Fairfax County Circuit Court denying her an award of spousal

support.  We find no error in the decision of the trial court and,

therefore, affirm its decree for the reasons stated below.

                           I.   BACKGROUND

     Shoustari and Ali A. Zamani ("Zamani") participated in a

marriage ceremony in Tehran, Iran on May 18, 1996.  At the time of

the ceremony Zamani was married to another woman.

     When Shoustari discovered Zamani's other marriage, she

requested the Fairfax County Circuit Court in her bill of

complaint to enter a decree of annulment based "on grounds of void

marriage."  Zamani admitted in his answer that he was married to

another woman and that his marriage to Shoustari was void.

Pursuant to Code § 20-89.1, the trial court entered the requested decree providing the marriage entered into by the parties "is hereby declared a nullity and is determined to be void ab initio." The trial court also denied Shoustari's request for spousal support on the ground that spousal support may not be awarded in the case of a void marriage. Shoustari appeals the decision as to the denial of spousal support.

## II. ANALYSIS

Zamani was married to another woman at the time he married Shoustari. The parties agreed with the court's decree that the Zamani/Shoustari marriage was a bigamous marriage and therefore void under the plain language of Code § 20-43. "All marriages which are prohibited by law on account of either of the parties having a former wife or husband then living shall be absolutely void, without any decree of divorce, or other legal process." Code § 20-43.

As no marriage existed between the parties, Shoustari acquired no legal rights thereby. As we plainly held in Kleinfield v. Veruki, 7 Va. App. 183, 372 S.E.2d 407 (1988), this means there is no right to a spousal support award.

> [A] bigamous marriage is void and it confers no legal rights to the parties. It is "contrary to the laws of Virginia and public policy." Only "upon decreeing the dissolution of a marriage" do the courts of Virginia have jurisdiction to award spousal support or equitable distribution. Code

-

§§ 20-107.1 and 20-107.3. <u>Since the marriage . . . was void and, thus, there was no marriage, the trial court had no authority to award spousal support</u> or make an equitable distribution award. There is no authority for the parties by their actions outside of the law to invest the courts with power to treat a relationship as a lawful marriage.

<u>Kleinfield</u>, 7 Va. App. at 190, 372 S.E.2d at 411 (citations omitted) (emphasis added).

Shoustari argues that the Supreme Court of Virginia's decision in <u>Henderson v. Henderson</u>, 187 Va. 121, 46 S.E.2d 10 (1948), should lead to a different result. We disagree. <u>Henderson</u> addressed only child support in the context of children of a void marriage and did not consider spousal support in any manner.

She also argues that the doctrine of equitable estoppel creates an independent right of spousal support. Shoustari did not plead equitable estoppel as a ground for the award of spousal support in the trial court. The record contains no reference to any argument related to equitable estoppel being made to the trial court. We are therefore barred from considering such an argument for the first time on appeal by Rule 5A:18. See <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("The Court of Appeals will not

-

consider an argument on appeal which was not presented to the trial court.").[1]

Finally, Shoustari contends that the authority of the trial court to act under Code §§ 20-107.1, 20-107.2 and 20-107.3 upon the "dissolution of a marriage" implies a right of spousal support in this case. Again, we disagree. As Kleinfield clearly provides, there was never a marriage at law between the parties. 7 Va. App. at 190, 372 S.E.2d at 411. Accordingly, there is no "marriage" for the court to dissolve under any of the foregoing statutes. Further, Code § 20-43 unequivocally provides that a bigamous marriage, as in the case at bar, "shall be absolutely void without any decree of divorce or other legal process."

As Shoustari has no basis at law to claim spousal support from Zamani, the decision of the trial court denying a spousal support award is affirmed.

Affirmed.

---

[1] Shoustari's equitable estoppel argument is without basis in the statute or case law. The creation of such an independent ground for award of spousal support is a matter of policy which is the prerogative of the legislative branch of government. The General Assembly has made no such provision. See Wood v. Bd. of Supervisors of Halifax Cty., 236 Va. 104, 115, 372 S.E.2d 611, 618 (1988) ("[I]t is the responsibility of the legislature, not the judiciary, to formulate public policy, to strike the appropriate balance between competing interests, and to devise standards for implementation.").

-