40

## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Mary E. Wallace

v.

Tommy Kilgore

February 24, 2005

Case No. CH04-791

BY JUDGE WILLIAM H LEDBETTER, JR.

The court is asked to establish an arrearage arising from a spousal support order of June 3, 1997, although the parties' marriage was subsequently found to be void *ab initio*. The facts of the case, to say the least, are atypical.

### Background

Ms. Wallace and Mr. Kilgore celebrated rites of marriage in Caroline County on November 7, 1981. At the time, Mr. Kilgore was married to someone else. Therefore, his marriage to Ms. Wallace was bigamous and absolutely void. Virginia Code § 20-43.

Mr. Kilgore eventually divorced his first wife in 1985. According to him, he discovered the predicament that year and went to South Carolina, where his first wife lived, and obtained a belated divorce from her.

Meanwhile, Ms. Wallace and Mr. Kilgore lived in Virginia as husband and wife. They had four children.

Their relationship began to deteriorate in 1992. In 1993, Ms. Wallace instituted a suit for divorce. The parties reconciled, and the case was nonsuited. The parties separated again in 1995. Ms. Wallace filed another divorce suit, alleging desertion and adultery. After languishing on the docket for several years, the case was referred to a commissioner in chancery. At an evidentiary hearing before the commissioner in

November of 2001, it became evident that the parties' marriage was not valid. Consequently, at an *ore tenus* hearing on April 1, 2002, the court ruled that the marriage was void. By order dated July 25, 2002, the divorce case was dismissed.

Those two divorce suits were not the only litigation between the parties. Numerous petitions were filed and heard in the juvenile and domestic relations district court beginning about 1995. Pertinent here, the juvenile court fixed Mr. Kilgore's child and spousal support obligations by order of December 2, 1996. Mr. Kilgore appealed. On appeal, the parties reached an agreement. The agreement was the basis of an order of this court dated June 3, 1997, in which Mr. Kilgore was directed to pay $500.00 a month spousal support. After the second divorce suit was dismissed on July 25, 2002, Mr. Kilgore filed a petition in the juvenile court to "terminate vacate and declare the order of spousal support void" because he and Ms. Wallace were "never married." The juvenile court decision on that issue is unclear because other issues were involved and the juvenile court denied the relief sought by Mr. Kilgore and Mr. Kilgore appealed. He withdrew his appeal to this court on November 13, 2003.

The present case was commenced in the juvenile court on December 16, 2003, by Ms. Wallace, seeking a judgment for spousal support arrearage of over $41,000.00. The juvenile court dismissed Ms. Wallace's petition by order of August 23, 2004, "due to marriage being void *ab initio*." Ms. Wallace appealed. This court heard the matter *ore tenus* on February 8, 2005.

## Legal Principles

It is axiomatic that a valid marriage is a prerequisite to spousal support. Where no marriage existed, there is no obligation on one supposed spouse to support the other. Equity has no power to compel support under such circumstances. *See Shoustari v. Zamani*, 39 Va. App. 517, 574 S.E.2d 314 (2002); also *see* generally 6A M.J., *Divorce and Alimony*, § 60.

In *Kleinfield v. Veruki*, 7 Va. App. 183, 372 S.E.2d 407 (1988), the Court of Appeals declared that, even where one acts in good faith, a bigamous marriage is void "and it confers no legal rights to the parties." Further, the court said, "there is no authority for the parties by their actions outside of the law to invest the courts with power to treat a relationship as a lawful marriage."

Thus, this court would not have authority to enter an order of spousal support. Further, previous orders of spousal support would not be enforceable since equity has no power to compel support without a valid marriage. *Shoustari v. Zamani, supra.*

In *Kleinfield v. Veruki, supra,* the trial court had ordered spousal support *pendente lite* before finding the marriage bigamous and void. At the conclusion of the case, the trial court refused to order reimbursement of the *pendente lite* spousal support payments. The Court of Appeals held that the trial judge did not abuse his discretion in denying the reimbursement request.

That case is readily distinguished from this case. First, we are not concerned here with a *pendente lite* support order. The support order under which Ms. Wallace claims spousal support is the support order of June 3, 1997, in a case on appeal from the juvenile court. Second, Mr. Kilgore is not seeking *reimbursement* of amounts paid pursuant to a support order. Rather, Ms. Wallace seeks *payment* of unpaid spousal support, i.e., enforcement of that order.

If this court now compelled Mr. Kilgore to pay the amounts he was ordered to pay in 1997, it would be violating the holding in *Shoustari v. Zamani, supra,* that the courts have no power to compel support (including payment of support arrearages) where there is no valid marriage.

Ms. Wallace's equitable estoppel argument has surface appeal. It can be noted that the order of June 3, 1997, is an agreed order. However, this court is mindful of dicta in *Shoustari v. Zamani* where the Court of Appeals observed, in a footnote, that equitable estoppel is without basis in a spousal support case. The Court said that the creation of an independent ground for an award of spousal support is a matter of policy that is the prerogative of the General Assembly.

## Conclusion

For the reasons explained above, the court is of the opinion that it has no authority to compel payment of spousal support where the parties were never married, even when the support order was entered before the court declared the marriage to be void *ab initio*.

Mr. George will please prepare and circulate an appropriate order dismissing Ms. Wallace's petition.