In re Petition of
Hukma Kulmiye
and Shermarke Ismail

August 26, 2008

Case No. CL-2008-10462

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on August 22, 2008, on the "Petition to Affirm a Marriage." At that time, I took the case under advisement. I have now looked further into the applicable law. For the following reasons, I will deny the petition.

As I understand the facts, the petitioners were married in Fairfax County on October 11, 2004, in a religious ceremony officiated by Sheikh Abdullah Mohamed Abdullah. Sheikh Abdullah filed an affidavit saying that he is "authorized to perform Islamic marriage and divorce in the Fairfax County of Virginia." Prior to the wedding ceremony, however, the petitioners did not obtain a marriage license. They now ask that the marriage be affirmed pursuant to Virginia Code §§ 20-90 and 20-31.

Va. Code § 20-90 provides that:

> When, the validity of any marriage shall be denied or doubted by either of the parties, the other party may institute a suit for affirmance of the marriage, and *upon due proof of the validity thereof,* it shall be decreed to be valid, and such decree shall be conclusive upon all persons concerned.

Va. Code Ann. § 20-90 (emphasis added). Va. Code § 20-31 provides, in pertinent part, that:

68

> No marriage solemnized under a *license issued in this Commonwealth* by any person professing to be authorized to solemnize the same shall be deemed or adjudged to be void, nor shall the validity thereof be in any way affected on account of any want of authority in such person, or any defect, omission, or imperfection in such license, if the marriage be in all other respects lawful, and be consummated with a full belief on the part of the persons so married, or either of them, that they have been lawfully joined in marriage.

Va. Code Ann. §20-31 (emphasis added).

Reading those two statutes together, a marriage in Virginia that was performed pursuant to a marriage license issued in Virginia can be affirmed despite defects in the license or if it was mistakenly believed that the officiant was authorized to perform marriages in Virginia.

A marriage cannot be affirmed, however, when no marriage license was ever issued. This is made clear by Va. Code § 20-13, which provides that:

> Every marriage in this Commonwealth shall be under a license and solemnized in the manner herein provided.

Va. Code Ann. § 20-13. *See also Offield v. Davis*, 100 Va. 250, 40 S.E. 910 (1902) (compliance with predecessor to Va. Code § 20-13 is mandatory). A marriage cannot be affirmed that was not valid when entered into. *See, e.g., Hager v. Hager*, 3 Va. App. 415, 34.9 S.E.2d 908 (1986) (bigamous marriage cannot be affirmed).

The petitioners might want to consider getting remarried in a civil ceremony performed after a marriage license is issued. Such a marriage would legitimize any children. See Va. Code § 20-31.1. The effective date of the marriage cannot be made retroactive to the date of the religious ceremony in 2004, as requested.

For these reasons, the Petition to Affirm a Marriage will be denied.