COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Beales
Argued at Salem, Virginia


LORI A. DAVIDSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2356-08-3                    JUDGE D. ARTHUR KELSEY
                                                         JULY 14, 2009
JACKIE LEWIS DAVIDSON


                    FROM THE CIRCUIT COURT OF SMYTH COUNTY
                              Isaac St. C. Freeman, Judge

              Patricia E. Smith (Bradford & Smith, P.C., on brief), for
              appellant.

              No brief or argument for appellee.


      In the circuit court, the appellant filed an annulment action seeking to declare her

bigamous marriage void.  The court denied the annulment request, reasoning that "corrective

measures" cured the problem and created a valid monogamous marriage.  We reverse and

remand with instructions to enter a final order annulling the marriage.

                                              I.

      Lori Davidson, appellant, married Jackie Davidson, appellee, on August 31, 2006.  They

obtained a marriage certificate signed by the pastor performing the ceremony.  At the time of the

marriage, however, appellee was in the last stages of a divorce proceeding involving a former

spouse.  Appellee's final divorce decree was entered on September 8, 2006 — about a week *after*

his marriage to appellant.

      On September 14, 2006, appellant met alone with the pastor and asked him to "re-sign" a

new marriage certificate stating that the marriage between appellant and appellee took place on

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

September 14, 2006. Appellee knew about, but did not attend, the meeting with the pastor. The pastor signed the new marriage certificate which falsely stated the marriage occurred on September 14, 2006.

About two years later, appellant filed an annulment action seeking to declare her marriage to appellee void *ab initio* as bigamous. She admitted her culpability in obtaining a false marriage certificate. She claimed she followed this course of action upon advice given by a deputy clerk of court. Appellee made a general appearance in the circuit court but chose not to attend the evidentiary hearing to contest the annulment. The circuit court denied the annulment petition because appellant's "corrective measures" validated the otherwise bigamous marriage.[1] We hold the court erred as a matter of law.

II.

In Virginia, a "marriage entered into prior to the dissolution of an earlier marriage of one of the parties" is bigamous. Kelderhaus v. Kelderhaus, 21 Va. App. 721, 725, 467 S.E.2d 303, 304 (1996). A bigamous marriage is "absolutely void." Code § 20-43; see also Code § 20-38.1(a)(1) (prohibiting a "marriage entered into prior to the dissolution of an earlier marriage of one of the parties"). "The statutes and public policy of Virginia as reflected by legislative pronouncement and judicial construction, are emphatically opposed to the recognition of the validity of a bigamous union." Toler v. Oakwood Smokeless Coal Corp., 173 Va. 425, 434, 4 S.E.2d 364, 368 (1939).[2]

---

[1] An annulment petition may be asserted to challenge "void or voidable" marriages. Code § 20-89.1(a).

[2] See also Rahnema v. Rahnema, 47 Va. App. 645, 651 n.2, 626 S.E.2d 448, 451 n.2 (2006); Shoustari v. Zamani, 39 Va. App. 517, 519-20, 574 S.E.2d 314, 315 (2002); Hager v. Hager, 3 Va. App. 415, 416-17, 349 S.E.2d 908, 909 (1986).

Even if a second marriage is entered into in a "good faith" but mistaken belief that the prior marriage has ended, "it will not render a void marriage valid. There is no qualification affecting the absolute nullity, in Virginia, of a bigamous contract." Id. at 435, 4 S.E.2d at 368. In the eyes of the law, "it was as if no marriage had ever been performed." Chitwood v. Prudential Ins. Co., 206 Va. 314, 317, 143 S.E.2d 915, 918 (1965). A void bigamous marriage cannot be revived by corrective measures. "There is no authority for the parties by their actions outside of the law to invest the courts with power to treat a relationship as a lawful marriage." Kleinfield v. Veruki, 7 Va. App. 183, 190, 372 S.E.2d 407, 411 (1988); see also Heflinger v. Heflinger, 136 Va. 289, 302, 118 S.E. 316, 320 (1923) (noting that "the doctrine of 'clean hands' does not debar either party from bringing a suit to have the void marriage declared a nullity").

While they could not resurrect their earlier void marriage, appellant and appellee could have gotten married after the entry of appellee's final divorce decree. Suffice it to say, however, merely obtaining a falsified marriage certificate was not an option. Under Code § 20-13, marriages in the Commonwealth must be solemnized. See Offield v. Davis, 100 Va. 250, 263, 40 S.E. 910, 914 (1902); see generally Murphy v. Holland, 237 Va. 212, 217 n.1, 377 S.E.2d 363, 366 n.1 (1989). No "marriage or attempted marriage, if it took place in this State, can be held valid here, unless it has been shown to have been under a license, and solemnized according to our statutes." Offield, 100 Va. at 263, 40 S.E. at 914. The marriage license presupposes a "marriage ceremony" solemnizing the union. Code § 32.1-267(C). And whatever formalities the ceremony requires, at the very least it requires the attendance of both the prospective bride and groom, a detail appellant concedes was missing from her September 14 meeting with the pastor.[3]

---

[3] The facts of this case do not implicate Code § 20-31, which provides: "No marriage solemnized under a license issued in this Commonwealth by any person professing to be

III.

Appellant's bigamous marriage to appellee on August 31, 2006, was void *ab initio*. It was not, and could not be, corrected by falsifying a new marriage certificate. The circuit court, therefore, erred in denying the petition for annulment. We reverse and remand for entry of a final order granting the petition.

<u>Reversed and remanded.</u>

authorized to solemnize the same shall be deemed or adjudged to be void, nor shall the validity thereof be in any way affected on account of any want of authority in such person, or any defect, omission or imperfection in such license, *if the marriage be in all other respects lawful*, and be consummated with a full belief on the part of the persons so married, or either of them, that they have been lawfully joined in marriage." (Emphasis added.) This curative statute has no application in cases where, as here, the putative marriage is void *ab initio*.