# CIRCUIT COURT OF FAIRFAX COUNTY

In re Petition of
Beimnet Mersie Ejigu
and Dereje Bereded

September 30, 2009

Case No. CL-2009-9661

By Judge Stanley P. Klein

This matter came before the Court on August 28, 2009 on Petitioners' Petition to Affirm a Marriage. The Court has fully considered the relevant facts and the applicable governing authorities. For the reasons set forth herein, the Petition must be dismissed.

## I. *Background*

The Court assumes that the facts alleged in the Petition and at the August 28, 2009, hearing are true.

Petitioners Dereje Bereded and Beimnet Mersie Ejigu contend that they were married at Medhanialem Church in Virginia in a religious ceremony officiated by Memehr Zebene on either September 30, 2006, or October 30, 2006. The Petition to Affirm a Marriage and proposed Final Order to Affirm a Marriage each listed both of these dates. Prior to the ceremony, however, the parties did not obtain a marriage license. Nevertheless, since 2006, the parties have conducted their lives as husband and wife. They now request that their marriage be affirmed pursuant to §§ 20-31 and 20-90 of the Code of Virginia.

## II. *Analysis*

Virginia law "must be applied to determine the question of validity of [a] marriage within this state." *Hager v. Hager*, 3 Va. App. 415, 416, 349 S.E.2d 908, 909 (1986). Virginia Code § 20-90 provides the vehicle for this Court to affirm a marriage where it is "denied or doubted by either of the parties," such that "upon due proof of the validity thereof, it shall be decreed to be valid, and such decree shall be conclusive upon all persons concerned." Va. Code Ann. § 20-90. Virginia Code § 20-31 further provides the means of validating certain defects where at least one of the parties believes in good faith that they were lawfully married:

> No marriage solemnized *under a license* issued in this Commonwealth by any person professing to be authorized to solemnize the same shall be deemed or adjudged to be void, nor shall the validity thereof be in any way affected on account of any want of authority in such person, or any defect, omission, or imperfection *in such license,* if the marriage be in all other respects lawful, and be consummated with a full belief on the part of the persons so married, or either of them, that they have been lawfully joined in marriage.

Va. Code Ann. § 20-31 (emphasis added). Read together, these statutes provide that this Court may affirm a marriage, notwithstanding defects either (1) with respect to the officiant's authority to solemnize the marriage or (2) in the marriage license. These curative statutes were "created by the legislature to promote the public policy that marriages should be valid where the parties intend to be married, but *errors by third parties* occur in its formalities. *Gottlieb v. Crouch*, 44 Va. Cir. 268, 271 (1998) (emphasis added). They do not, however, apply to cases where the marriage is void *ab initio. Davidson v. Davidson*, 2009 Va. App. LEXIS 313, at *5, n. 3 (2009) (holding that Code § 20-31 does not apply to a bigamous marriage).

For a marriage to be valid in the Commonwealth, the Code of Virginia requires that the marriage be under a license and properly solemnized. Va. Code Ann. § 20-13 ("Every marriage in this Commonwealth shall be under a license and solemnized in the manner herein provided."). Consistent with the plain language of this statute, the Supreme Court of Virginia has held that "no marriage or attempted marriage, if it took place in this State, can be held valid here, unless it has been shown to have been under a license and solemnized according to our

statutes." *Offield v. Davis*, 100 Va. 250, 263, 40 S.E. 910, 914 (1902) (holding that a common law marriage is not valid in Virginia because the Code requires a license and solemnization).

This Court considered a factually similar case in *In re Kulmiye and Ismail*, 77 Va. Cir. 67, 2008 Va. Cir. LEXIS 121 (2008) (Roush, J.). In *Kulmiye*, the parties alleged that they were married in an Islamic marriage ceremony in Virginia, albeit without a marriage license. *Id.* at *1. The sheikh who officiated at the ceremony filed an affidavit stating that he was properly authorized to perform an Islamic marriage in Virginia. *Id.* Relying on § 20-13 and the Supreme Court of Virginia's decision in *Offield*, this Court denied the parties' Petition to Affirm a Marriage, holding that a "marriage cannot be affirmed . . . when no marriage license was ever issued." *Id.* at *2.

Here, as in *Kulmiye*, the defect presented was not an issue of the officiant's authority or the contents of the marriage license. The defect was the complete nonexistence of the license itself. Under the plain meaning of the three above referenced statutes, this Court has no authority to affirm a marriage that was entered into without a license. After the August 28, 2009 hearing, a question was posed as to whether the Court could issue a marriage license retroactive to the date of the religious ceremony. The answer is in the negative; this Court cannot create a fiction that the license existed when it did not. *See Davidson*, 2009 Va. App. LEXIS 313, at *4 (holding that the parties "could not resurrect their earlier void marriage"); *Kulmiye*, 77 Va. Cir. at *3 (holding that if the parties get remarried in a civil ceremony consummated after a marriage license is issued, the "effective date of the marriage cannot be made retroactive"). Cf. *Morgan v. Russrand Triangle Assocs., Inc.*, 270 Va. 21, 26, 613 S.E.2d 589 (2005) (holding that a trial court may enter an order *nunc pro tunc* pursuant to Virginia Code § 8.01-428(B) only in order to conform the record to reflect what actually took place in the trial court) (overturning the trial court's *nunc pro tunc* order where there were no scriveners' or other errors and the original final order accurately reflected the "actual sequence of events"). While the parties may remain married according to their religion, their marriage ceremony conferred no legal rights between them under the laws of the Commonwealth of Virginia.

Accordingly, for the reasons set out above, the Court denies Bereded and Ejigu's Petition to Affirm a Marriage.