COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Humphreys and Kelsey
Argued at Alexandria, Virginia

UNPUBLISHED

TAHIRA NASEER

                                                       MEMORANDUM OPINION* BY

v.      Record No. 2186-12-4          CHIEF JUDGE WALTER S. FELTON, JR.
                                                        JULY 30, 2013

HAMID MOGHAL


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

(Fred M. Rejali, on brief), for appellant. Appellant submitting on
brief.

Thomas P. Silis (Jessica C. Strock; Silis & Associates, PLLC, on
brief), for appellee.


Tahira Naseer ("wife") appeals the final order of the Circuit Court of Fairfax County ("trial

court") ordering her to reimburse Hamid Moghal ("husband") $27,000 of *pendente lite* support he

paid to her during the pendency of their annulment proceedings.[1] She asserts the trial court lacked

jurisdiction to order her to repay husband and that it abused its discretion by ordering her to

reimburse him.

I. BACKGROUND

On August 1, 2000, wife married Nasir Mehmood Khan ("Khan") in Pakistan. On June 12,

2001, Khan told wife three times that he divorced her, a prerequisite to obtaining a religious divorce

pursuant to Islamic law. However, neither party filed the necessary documents with the Pakistani

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The parties' marriage was declared a nullity and void *ab initio* on the grounds of
bigamy. However, for purposes of clarity in this opinion, we will refer to the parties as "wife"
and "husband."

government to obtain a divorce under Pakistani law. Wife asserted that she assumed she was legally divorced after Khan told her three times that he divorced her.

On January 26, 2003, wife and husband married in Pakistan. Thereafter, the parties obtained a marriage license in Fairfax County, Virginia, and held a second marriage ceremony on July 4, 2004. Wife did not tell husband that she had been previously married to Khan. She indicated on the application for the marriage license that her marriage to husband was her first marriage.

Husband and wife separated on November 18, 2009, following a domestic altercation. On December 3, 2009, husband discovered a certificate of marriage between wife and Khan. He later learned that wife and Khan had never obtained a legal divorce in Pakistan.

On January 22, 2010, while still legally married to Khan, wife filed a suit for separate maintenance from husband in the trial court. She filed a motion for *pendente lite* support while the separate maintenance litigation proceeded. She asserted that she worked only part time and did not have sufficient income to meet her basic needs or to pursue her separate maintenance action against husband. She contended that husband earned a substantial income from his business, a sole proprietorship, and that he possessed the means to provide her with *pendente lite* support. In his response to wife's suit for separate maintenance and motion for *pendente lite* relief, husband denied that the parties were validly married and asked that wife's separate maintenance action be dismissed. Almost four months later, on May 6, 2010, the trial court heard evidence and argument from the parties. On that date, the trial court ordered husband to pay *pendente lite* support to wife in the amount of $1,500 per month.[2]

---

[2] The trial court ordered that husband pay *pendente lite* support retroactively, from March 1, 2010.

On February 22, 2011, husband filed a suit for annulment in the trial court. He asserted that wife committed bigamy by marrying him while she was still legally married to Khan. He asked the trial court to order, *inter alia*, that "[wife] return the *Pendente Lite* Order support payments entered on May 6, 2010, to [husband]." On May 10, 2011, wife filed an answer to husband's action for annulment and a counterclaim for divorce.[3]

On January 17, 2012, the trial court heard evidence and argument from the parties on husband's action for annulment and wife's counterclaim for divorce. It found that wife was legally married to Khan at the time she married husband, and declared the parties' marriage void on the grounds of bigamy. At the conclusion of the hearing, husband asked the trial court to order wife to reimburse him the full amount of *pendente lite* support that he paid to her during the pendency of the annulment proceedings, totaling $27,000. The trial court reserved the matter of wife's repayment of the *pendente lite* support on the court's docket. It set a briefing schedule and ordered the parties to submit briefs regarding wife's repayment of the *pendente lite* support pursuant to that schedule. On January 20, 2012, the trial court entered an order declaring the parties' marriage annulled and void *ab initio* on the grounds of bigamy.

On February 7, 2012, pursuant to the briefing schedule established by the trial court, husband filed a motion asking the trial court to order wife to reimburse him $27,000, the total amount of *pendente lite* support he paid to her during the pendency of their annulment proceedings. Ten days later, on February 17, 2012, wife filed her notice of appeal of the trial court's annulment order to this Court, thereby depriving the trial court of jurisdiction over the annulment action.

---

[3] On June 29, 2011, wife petitioned the trial court for a rule to show cause why husband should not be held in contempt of court for failing to pay *pendente lite* support to her from March 2011 to June 2011. On August 19, 2011, the trial court found husband in contempt of court for failing to pay $9,000 in *pendente lite* support and ordered that he be taken into custody and confined until he paid the support arrearage. Husband was released from custody on August 24, 2011, after he paid the *pendente lite* support arrearage.

See Watkins v. Fairfax County Dep't of Family Servs., 42 Va. App. 760, 771, 595 S.E.2d 19, 25 (2004) ("[T]he notice of appeal, when filed, effectively transfers jurisdiction from the lower court to the appellate court and places the named parties within the jurisdiction of the appellate court."). However, notwithstanding her appeal to this Court, wife filed a response to husband's motion for reimbursement of *pendente lite* support on February 28, 2012. She asked the trial court to "enter an order denying [husband's] motion; or in the alternative defer[] its decision until the appeal [of the order of annulment] is resolved." On March 2, 2012, the trial court denied husband's motion for repayment of the *pendente lite* support payments without prejudice "because the court's anullment [sic] order entered January 20, 2012 has been appealed, which divests this court of jurisdiction while the appeal is pending." On August 14, 2012, this Court affirmed the trial court's order of annulment on the grounds of bigamy by unpublished, per curiam opinion. See Naseer v. Moghal, No. 0301-12-4 (Va. Ct. App. Aug. 14, 2012) ("Naseer I").

On September 25, 2012, after this Court's decision in Naseer I became final, husband re-filed a motion in the trial court asking it to enter an order compelling wife to reimburse him $27,000 in *pendente lite* support he paid to her pending the resolution of the annulment action. On November 2, 2012, the trial court held a hearing on that motion. After hearing evidence and argument from the parties, the trial court ordered wife to reimburse husband $27,000, the total amount he paid to her in *pendente lite* support, within twelve months of the entry of the final order. Wife endorsed the final order as "seen and objected to because the court has jurisdiction to pay [sic] *pendente lite* support in a case where the marriage is annuled [sic] and no jurisdiction to order it re-paid."

- 4 -

## II. ANALYSIS

Wife asserts the trial court lacked authority to order her to reimburse husband $27,000 in *pendente lite* support he paid to her during the pendency of the annulment proceedings. She further contends that, even where the parties' marriage is later annulled, there is no statutory authority for the trial court to order that a party be reimbursed for *pendente lite* support payments made pursuant to a valid court order. Accordingly, she contends the trial court abused its discretion by ordering her to repay husband $27,000 in *pendente lite* support.[4]

Pursuant to Code § 20-103(A), a trial court has discretion to award temporary support to a party during the pendency of a suit for annulment. See Henderson v. Henderson, 187 Va. 121, 127, 46 S.E.2d 10, 13 (1948) (the statute makes no distinction "between suits to annul, dissolve, or affirm marriages").

---

[4] Wife asserts for the first time on appeal that the trial court lacked authority to order her to reimburse husband $27,000 in *pendente lite* support because more than twenty-one days had passed since the entry of the order of annulment. See Rule 1:1 ("All final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."). Wife's argument presupposes that the order of annulment, entered January 20, 2012, constituted a final order of the trial court. However, the January 20, 2012 order of annulment was interlocutory, not final. Further action by the trial court on the matter of wife's repayment of the *pendente lite* support to husband was necessary to "'dispose[] of the whole subject'" and "'give[] all the relief contemplated'" to the parties. James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (quoting Daniels v. Truck & Equipment Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)); see also de Haan v. de Haan, 54 Va. App. 428, 437, 680 S.E.2d 297, 302 (2009) ("If 'further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree is not final but interlocutory.'" (quoting Brooks v. Roanoke County Sanitation Auth., 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960))).

This Court considered the matter of the annulment of the parties' marriage in Naseer I pursuant to our authority under Code § 17.1-405, which provides that an aggrieved party may appeal "[a]ny interlocutory decree or order [in a suit for annulment] . . . adjudicating the principles of the cause." Here, the order of annulment, though not a final order disposing of all matters in the cause, nonetheless "determine[d] the rights of the parties and the principles necessary to adjudicate the cause." Lewis v. Lewis, 271 Va. 520, 528, 628 S.E.2d 314, 318 (2006). Because the January 20, 2012 order of annulment was not a final order, the trial court did not, and indeed could not, violate Rule 1:1 by entering an order on November 2, 2012, directing wife to repay husband $27,000 in *pendente lite* support. Accordingly, we reject wife's argument that the trial court lacked authority under Rule 1:1 to order her to reimburse husband $27,000 in *pendente lite* support because more than twenty-one days had passed since the entry of the order of annulment.

> Unlike provisions providing for child or spousal support in a final divorce decree, support under a *pendente lite* decree, pursuant to Code § 20-103, is only temporary. As this Court explained in Smith v. Smith, 4 Va. App. 148, 151, 354 S.E.2d 816, 818 (1987), "Code § 20-103 provides authority for the court to provide for spousal support 'during the pendency of the suit.' We interpret this grant of authority to be limited to the right to make such award only for the period the action is pending . . . ." In addition, subsection E of Code § 20-103 provides that "[a]n order entered pursuant to this section shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause."

Ipsen v. Moxley, 49 Va. App. 555, 564-65, 642 S.E.2d 798, 802 (2007) (citation omitted).

That an award under Code § 20-103(A) has no presumptive effect is warranted, given that the trial court must make the *pendente lite* support determination without the benefit of complete information and a full resolution of the case. Here, the trial court had authority to grant support *pendente lite* to wife during the pendency of the suit for annulment by husband. Until husband proved the marriage void *ab initio* on the basis of wife's bigamy, wife demonstrated she was in need of financial support during the litigation of the annulment action. However, once the trial court held that wife committed bigamy, that her marriage to husband was void *ab initio*, and that the marriage accordingly conferred no legal rights on either party, it was within the discretion of the trial court whether to order wife to return the *pendente lite* support to husband. See generally Shoustari v. Zamani, 39 Va. App. 517, 520, 574 S.E.2d 314, 315 (2002) (parties to a void *ab initio* bigamous marriage are not entitled to spousal support or equitable distribution of marital property on annulment, because a void *ab initio* marriage, as opposed to a valid or voidable marriage, confers no legal rights on the parties); see also Code § 20-43 ("All marriages which are prohibited by law on account of either of the parties having a former wife or husband then living shall be absolutely void, without any decree of divorce, or other legal process.").

Our review of the trial court record establishes that wife knowingly represented that she had not been previously married on an application for a marriage license when she was aware that she

had been previously married, denied to husband that she had previously married Khan, and did not obtain a lawful divorce from Khan until July 19, 2011, approximately eight years after she married husband, and only then after husband instituted an action for annulment against her.  We conclude from the record on appeal that the trial court did not abuse its discretion by ordering wife to reimburse husband the full amount of *pendente lite* support he paid to her during the pendency of their annulment proceedings.

Because we cannot say the trial court abused its discretion when it entered the final order for wife to return the *pendente lite* support to husband, we find no error in its ruling.

Affirmed.